UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.L.; K.S.F.; and K.B., by and through her parent and next friend H.B.,

   Plaintiffs,

v.

MICHIGAN DEPARTMENT OF EDUCATION,

   Defendant.

Case No. 22-cv-00838-RJJ-PJG

Hon. Robert J. Jonker

Mag. Phillip J. Green

---

Erin H. Diaz (P80388)
Mitchell D. Sickon (P82407)
Disability Rights Michigan
*Attorneys for Plaintiffs*
4095 Legacy Parkway
Lansing, Michigan 48911
(517) 487-1755
ediaz@drmich.org
msickon@drmich.org

Jennifer B. Salvatore (P66640)
David L. Fegley (P85275)
Salvatore Prescott Porter & Porter
*Attorneys for Plaintiffs*
105 E. Main Street
Northville, Michigan 48167
(248) 679-8711
salvatore@sppplaw.com
fegley@sppplaw.com

Elizabeth K. Abdnour (P78203)
*Attorney for Plaintiffs*
1100 W. Saginaw St., Suite 4A-2
Lansing, Michigan 48915
(517) 292-0067
elizabeth@abdnour.com

Jacquelyn N. Babinski (P83575)
MI AECRES
*Attorney for Plaintiff*
P.O. Box 705
Ludington, Michigan 49431
(231) 794-2379
jbabinski@miaecres.org

Charles A. Cavanagh (P79171)
Kathleen A. Halloran (P76453)
*Attorneys for Defendant*
Michigan Department of Attorney General
Health, Education, & Family Services Division
P.O. Box 30758
Lansing, Michigan 48909
(517) 355-7603
cavanaghc2@michigan.gov
hallorank1@michigan.gov

---

**FED. R. CIV. P. 26(F) JOINT DISCOVERY PLAN & CASE MANAGEMENT PLAN**

Plaintiffs and Defendant Michigan Department of Education, by and through their counsel pursuant to Fed. R. Civ. P. 26(f), present to this Court the following Joint Discovery Plan.

A Rule 16 Scheduling Conference is scheduled for February 22, 2023, before the Hon. Judge Robert J. Jonker. Appearing for the parties as counsel will be: Jennifer Salvatore, David Fegley, and Mitchell Sickon for Plaintiffs and Charles A. Cavanagh and Kathleen A. Halloran for Defendant Michigan Department of Education.

(1) Jurisdiction: Plaintiffs assert jurisdiction is conferred upon this Court by the IDEA, 20 U.S.C. §§ 1415(i)(2)(A) and 1415(i)(3)(A); pursuant to 28 U.S.C. § 1331, based upon the federal question raised herein, and 28 U.S.C. § 1343; and pursuant to the ADA, as amended, 42 U.S.C. § 12101 et seq., and Section 504, 29 U.S.C. § 794. Defendant does not dispute the Court's jurisdiction over Plaintiff's federal claims.

(2) Jury or Non-Jury: This case is to be tried before a jury.

(3) Judicial Availability: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

(4) Geographic Transfer: Not advised by the parties.

(5) Statement of the Case:

**Plaintiffs' Statement of the Case**: Plaintiffs bring claims against the Michigan Department of Education (MDE) for violations of the Individuals with Disabilities Education Act (IDEA), Section 504 of the Rehabilitation Act of 1973 (Section 504), and the Americans with Disabilities Act of 1990 (ADA). Plaintiffs are students or former students of Kalamazoo Public Schools (KPS), a local school district that is part of the Kalamazoo Regional Educational Services Agency (KRESA) intermediate school district.

During their respective school careers at KPS, each Plaintiff was eligible for special education services and entitled to receive a free appropriate public education (FAPE). However, KPS failed to properly identify and evaluate Plaintiffs as students with disabilities eligible for special education services and failed to provide Plaintiffs a FAPE once they were identified as eligible. Plaintiffs allege that the MDE knew all of this and failed to correct these issues as the IDEA requires.

The MDE must monitor and supervise KPS's compliance with the IDEA, Section 504 and the ADA. Plaintiffs allege that the MDE has failed in this responsibility. Specifically, Plaintiffs allege that the MDE failed to ensure that KPS had sufficient qualified personnel, training, funding, and technical assistance to provide a FAPE to Plaintiffs. Plaintiffs further allege that the MDE failed to maintain an effective complaint resolution process, resulting in the continued denial of a FAPE for Plaintiffs. The MDE's flawed complaint resolution process failed to effectively correct KPS's noncompliance concerning its repeated failure to comprehensively evaluate students who may be eligible for special education, known as the Child Find obligation, and its repeated failure to provide students with a FAPE, should they be identified as eligible.

The MDE has long had notice of KPS's failures. Over the past few years, the MDE has repeatedly ordered KPS to perform individual student-level corrective action plans *and* district-wide corrective action plans concerning these issues. However, the MDE has failed to ensure that implementation of its own corrective action plans would actually correct KPS noncompliance and ensure the delivery of a FAPE for all eligible students with disabilities.

In this case, Plaintiffs filed IDEA state complaints, which are distinct from IDEA due process claims and investigated wholly by the MDE. In several of Plaintiffs' state complaints and in other state complaints against KPS, the MDE found KPS out of compliance concerning Child

Find and the provision of a FAPE and ordered KPS to perform certain actions under the corrective action plans (CAP) mentioned above. To whatever extent that KPS implemented those CAPs with fidelity, KPS still continued to fail in its Child Find obligations and continued to fail to provide Plaintiffs a FAPE. As a result, Plaintiffs alleged that they were not evaluated appropriately, were provided inappropriate educational programming lacking the supports and services necessary to ensure the students could make progress appropriate to their circumstances, were repeatedly suspended and otherwise disciplined for behaviors stemming from their disabilities, and were otherwise deprived of appropriate educational services. Plaintiffs each allege that the MDE's failures have led them to suffer substantial harm in their educational experience, have caused them adverse social and behavioral impacts, and have unlawfully inhibited their academic progress, resulting in significant harm to their future employment opportunities and earning capacity.

In addition to their IDEA state complaints, Plaintiffs have each filed and administratively exhausted their respective individual IDEA due process actions against the MDE, KPS, and KRESA and now file this federal lawsuit as there remains no other forum in which Plaintiffs' claims against the MDE can be vindicated.[1]

**Defendant's Statement of the Case**:  Defendant maintains that Plaintiffs cannot establish a valid claim against MDE as MDE did not violate Plaintiff's rights under any of the statutes asserted in the Plaintiffs' First Amended Complaint.

(6) <u>Pendent State Claims</u>:  This case does not include pendent state claims.

---

[1] Plaintiff D.L. has appealed the ALJ's finding with respect to his due process claim against KPS. That appeal is pending as a separate action before this Court.

(7) <u>Joinder of Parties and Amendment of Pleadings</u>: The parties agree to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **<u>March 31, 2023</u>**.

(8) <u>Disclosures and Exchanges</u>: Rule 26(a) mandates particular disclosures that apply on a self-executing timetable in the absence of contrary court order.

(i) Fed.R.Civ.P. 26(a)(1) Initial disclosures: **<u>March 31, 2023</u>**.

(ii) Fed.R.Civ. P. 26(a)(2) Expert disclosures:

Plaintiffs' expert disclosures: **<u>September 15, 2023</u>**.

Defendant's expert disclosures: **<u>October 13, 2023.</u>**

Rebuttal expert disclosures: **<u>November 3, 2023.</u>**

(iii) Fed.R.Civ.P. 26(a)(3) Pretrial disclosures: <u>To be determined once trial has been scheduled.</u>

(iv) The parties are unable to agree on voluntary production at this time.

(9) <u>Discovery</u>: The parties believe that all fact discovery can be completed by **<u>October 2, 2023</u>**. The parties recommend the following discovery plan:

<u>Scope of Discovery</u>: The parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, including, but not limited to, MDE's policies and practices with respect to ensuring compliance with the IDEA; Plaintiffs' educational experience at KPS and Plaintiffs' damages; Defendant's affirmative and other defenses; all other relevant subject areas as necessary. The parties agree that discovery should not be conducted in phases.

Expert Discovery: Plaintiffs may offer experts on both liability and damages. Defendant may offer experts on both liability and damages.

(10) Disclosure or Discovery of Electronically Stored Information: The parties intend to enter into a proposed stand-alone stipulated protective order governing the handling of ESI as well as the handling of confidential information that may be produced in this litigation.

(11) Assertion of Claims of Privilege or Work-Product Immunity After Production: The parties agree that claims of privilege or work product will not be waived in the event of any inadvertent disclosure of such information. The parties agree to deal with claims of privilege or work-product immunity in the manner set forth in Fed. R. Civ. P. 26(b)(5). If work product, attorney client, or trial preparation privileges are asserted and a document withheld in its entirety, a privilege log will be contemporaneously prepared. If a document is redacted for privilege, the redaction shall state on its face the privileged claimed. As needed, the parties agree to develop in good faith a stipulated protective order covering claims of privilege or work-product. Both parties reserve the right to file a motion for protective order should they fail to agree to a stipulated order.

(12) Motions: The parties anticipate that all dispositive motions will be filed by **January 5, 2024**. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

(13) Alternative Dispute Resolution: The parties agree to engage in settlement negotiations and will request the following method(s) of alternative dispute resolution if and when the parties believe appropriate: voluntary facilitative mediation. The parties do not agree to submit this case to case evaluation or early neutral evaluation.

(14) <u>Length of Trial</u>: Counsel estimate the trial will last approximately <u>15</u> days, total, allocated as follows: <u>10</u> days for plaintiffs' case and <u>5</u> days for defendant's case.

(15) <u>Prospects of Settlement</u>: The status of settlement negotiations is: The parties have not yet engaged in settlement discussions, but are open to doing so at an early stage in this case.

(16) <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule.

Respectfully submitted,

/s/ Jennifer B. Salvatore
Jennifer B. Salvatore (P66640)
David L. Fegley (P85275)
Salvatore Prescott Porter & Porter
*Attorneys for Plaintiffs*
105 E. Main Street
Northville, Michigan 48167
(248) 679-8711
salvatore@sppplaw.com
fegley@sppplaw.com

Erin H. Diaz (P80388)
Mitchell D. Sickon (P82407)
Disability Rights Michigan
*Attorneys for Plaintiffs*
4095 Legacy Parkway
Lansing, Michigan 48911
(517) 487-1755
ediaz@drmich.org
msickon@drmich.org

Elizabeth K. Abdnour (P78203)
*Attorney for Plaintiffs*
1100 W. Saginaw St., Suite 4A-2
Lansing, Michigan 48915
(517) 292-0067
elizabeth@abdnour.com

Jacquelyn N. Babinski (P83575)
MI AECRES
*Attorney for Plaintiff*
P.O. Box 705
Ludington, Michigan 49431
(231) 794-2379
jbabinski@miaecres.org

/s/ Charles A. Cavanagh (*with consent*)
Charles A. Cavanagh (P79171)
Kathleen A. Halloran (P76453)
*Attorneys for Defendant*
*Michigan Department of Attorney General*
*Health, Education, & Family Services Division*
P.O. Box 30758
Lansing, Michigan 48909
(517) 355-7603
cavanaghc2@michigan.gov
hallorank1@michigan.gov

**Dated: February 15, 2023**