UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.L., et al.,

       Plaintiffs,

                              CASE NO. 1:22-cv-838

v.

                              HON. ROBERT J. JONKER

MICHIGAN DEPARTMENT OF EDUCATION,

       Defendant.
_____/

## ORDER RE PROPOSED PSEUDYONYMS

      This is an action under the Rehabilitation Act and the Americans with Disabilities Act addressing the way the Michigan Department of Education handled its responsibilities to identify and assist disabled students in Michigan schools.  Plaintiffs are three former or current students in the Kalamazoo Public School System who say the defendant failed to handle its job properly.  One of the plaintiffs (K.B.) is a minor proceeding with a next friend identified as H.B.  The parties stipulate that a minor litigant may—and in the Court's view, should—proceed with a next friend.  And so the Court approves the parties' stipulation (ECF No. 19) to that extent.

      The parties further seek to have all three plaintiffs and the next friend proceed without full identification, and simply with their initials in public filings.  (ECF Nos. 18 and 19.)  With respect to a minor plaintiff (K.B.) this is not only appropriate but required by Fed. R. Civ. P. 5.2.  But with respect to parties who are not minors (D.L. and K.S.F.), and with respect to an adult next friend, the rules are different and generally require full identification.  Under the Federal Rules of Civil Procedure, every party must have his or her name stated in the case caption. *See* Fed. R. Civ. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). As already

noted, minor parties must be identified under Rule 5.2 with initials only, but the general rule of full identification does apply to their Next Friends. This is because courts begin with the presumption of open judicial proceedings. *See Porter*, 370 F.3d at 560. A plaintiff may proceed under a pseudonym only in exceptional circumstances. *See Citizens for a Strong Ohio v. Marsh*, 123 Fed. App'x 630, 636 (6th Cir. 2005). A court may determine that "a plaintiff's privacy interests substantially outweigh the presumption" in favor of open judicial proceedings by considering factors such as: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Porter*, 370 F.3d at 560 (quoting *Doe v. Steagall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

The Court is not satisfied on the present record that the balance weighs in favor of pseudonyms here. The general public interest in open proceedings requires a heavy basis to overcome, and Plaintiffs have not met that burden here. *See Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011) (observing that the "level of public interest in access to the identities of litigants" counsels against the use of a pseudonym). Cases involving sensitive matters and schoolchildren routinely are handled without pseudonyms in this Court. *See, e.g.*, *Booth v. Coopersville Area Public Schools*, Case No. 1:08-CV-505 (W.D. Mich. 2009) (avoiding use of pseudonyms in case involving the alleged hazing and sexual assault of high school athlete). The same is true of sensitive matters involving sexual abuse and harassment. *See Johnson v. Active Machine & Tool, Inc.*, Case No. 1:10-CV-95 (W.D. Mich. 2010) (avoiding use of pseudonyms in case involving the alleged sexual assault and rape of an employee). This has been true even in Title IX litigation

involving high school students.  *See Irvin v. Grand Rapids Public Schools*, 1:14-cv-1161, Order (Jan. 16, 2015), ECF No. 24 (no pseudonyms for non-minors in Title IX litigation involving sexual misconduct by a teacher with a student); *Hoffman v. Holland Christian Education Society*, 1:18-cv-400, Order (Sept. 11, 2018), ECF No. 19 (no pseudonyms for non-minors in Title IX litigation involving sexual misconduct by one student with another student).

The parties may supplement the record here not later than **April 24, 2023**, with any argument as to why pseudonym status is appropriate here despite the presumption of open litigation and the Court's prior experience in other potentially sensitive cases.

**IT IS SO ORDERED**.


Dated:     April 10, 2023              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE