UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.L.; K.S.F.; and K.B., by and through her parent and next friend H.B.,

    Plaintiffs,

v.

MICHIGAN DEPARTMENT OF EDUCATION,

    Defendant.

Case No. 22-cv-00838-RJJ-PJG

Hon. Robert J. Jonker

Mag. Phillip J. Green

---

Erin H. Diaz (P80388)
Mitchell D. Sickon (P82407)
Disability Rights Michigan
*Attorneys for Plaintiffs*
4095 Legacy Parkway
Lansing, Michigan 48911
(517) 487-1755
ediaz@drmich.org
msickon@drmich.org

Jennifer B. Salvatore (P66640)
David L. Fegley (P85275)
Salvatore Prescott Porter & Porter
*Attorneys for Plaintiffs*
105 E. Main Street
Northville, Michigan 48167
(248) 679-8711
salvatore@sppplaw.com
fegley@sppplaw.com

Elizabeth K. Abdnour (P78203)
*Attorney for Plaintiffs*
1100 W. Saginaw St., Suite 4A-2
Lansing, Michigan 48915
(517) 292-0067
elizabeth@abdnour.com

Jacquelyn N. Babinski (P83575)
MI AECRES
*Attorney for Plaintiff*
P.O. Box 705
Ludington, Michigan 49431
(231) 794-2379
jbabinski@miaecres.org

Charles A. Cavanagh (P79171)
Kathleen A. Halloran (P76453)
*Attorneys for Defendant*
Michigan Department of Attorney General
Health, Education, & Family Services Division
P.O. Box 30758
Lansing, Michigan 48909
(517) 355-7603
cavanaghc2@michigan.gov
hallorank1@michigan.gov

---

**<u>BRIEF IN SUPPORT OF PROPOSED STIPULATED ORDER ALLOWING PLAINTIFFS TO PROCEED UNDER PSEUDONYMOUS STATUS</u>**

**STATEMENT OF ISSUE PRESENTED**

Whether the Court should permit Plaintiffs D.L. and K.S.F. to proceed pseudonymously where Plaintiffs are challenging governmental activity and/or the suit will compel the plaintiff to disclose information of the utmost intimacy.

Plaintiffs say:  Yes

Defendant does not contest the granting of pseudonymous status to all Plaintiffs.

i

## INTRODUCTION

Plaintiffs are students with disabilities who—due to the actions and failures to act of Defendant Michigan Department of Education, the entity primarily responsible for the State supervision of public elementary and secondary schools in Michigan—have not received appropriate special education assessments or services within the Kalamazoo Public Schools, in violation of their State and federal rights. Plaintiffs now bring claims under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq; the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.; Section 504 of the Rehabilitation Act; MARSE, Mich. Admin. Code R. 340.1700 et seq.; and Michigan's Persons with Disabilities Civil Rights Act.

Plaintiffs and Defendant submitted a stipulated order, which would allow Plaintiffs to proceed pseudonymously in this matter on April 6, 2023. The court invited the parties to submit supplemental authority/argument as to why pseudonymous status was appropriate for the non-minor Plaintiffs. Accordingly, Plaintiffs provide additional argument/support below.

## ARGUMENT

Federal Rule of Civil Procedure 10(a) requires plaintiffs to disclose their names in their complaint. Fed. R. Civ. P. 10(a).  However, courts often permit plaintiffs to proceed pseudonymously under certain circumstances. Courts may consider: (1) ***whether the plaintiff seeking anonymity is suing to challenge governmental activity***; (2) ***whether prosecution of the suit will compel the plaintiff to disclose information of the utmost intimacy***; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (emphasis added). Here, pseudonymous status is warranted because Plaintiffs are

challenging governmental activity and because the proceedings will compel Plaintiffs to disclose information of the utmost intimacy.

First, courts within the Sixth Circuit have granted pseudonymous status to plaintiffs such as these who are bringing challenges to governmental activities. *See e.g., Doe v. Mechanicsburg Sch. Bd. of Ed.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) (noting that "[c]ourts frequently grant protective orders to minors who challenge governmental conduct"); *Doe v. Streck*, 522 F. Supp. 3d 332, 334 (S.D. Ohio 2021) (permitting adult plaintiffs to proceed pseudonymously, in part, because they "are suing to challenge the policies and procedures of a governmental entity").

Second, in order to fully litigate this case, D.L. and K.S.F. will be required to disclose information of the utmost privacy. For instance, evidence of D.L. and K.S.F.'s significant medical and behavioral health conditions will necessarily come to light. For K.S.F., that means that her sickle cell anemia, borderline intellectual functioning, major depressive disorder, major neurocognitive disorder, generalized anxiety disorder, hair-pulling disorder and ADHD diagnoses will become a matter of public record. Likewise, she will be linked to embarrassing and intimate details about the severe bullying she endured as a result of her physical appearance and disability. See *Mechanicsburg*, 518 F. Supp. 3d at 1027 (noting that the "utmost intimacy" factor favored pseudonymous status in a case where a middle schooler was suing a school district for failure to protect him from bullying). For D.L., evidence of a severe specific reading disorder, a severe mathematics disorder, ADHD combined-type, post-traumatic stress disorder, complicated grief, and past challenges with major depressive disorder and panic disorder, will be revealed and attached to his name. *Bd. of Educ. of the Highland Local Sch. Dist. v. U.S. Dep't of Educ.,* No. 2:16-CV-524, at *2 (S.D. Ohio 2016) ("Courts have also allowed minors with sensitive mental health histories to proceed anonymously."); *Mich. Protection & Advocacy Serv., Inc. v. Caruso*,

2

No. 5:05-CV-128, at *2 (W.D. Mich. Apr. 10, 2006) (holding that anonymity protects minors with sensitive mental health histories).

Although D.L. and K.S.F. are not minors, they are very young adults—D.L. is 20 and K.S.F. is 21—whose personal education and medical histories are integral to the case and thus will be discussed extensively in pleadings that cannot be easily redacted or otherwise protected from public view.  Moreover, this matter involves issues that occurred when Plaintiffs were minors and involves their educational records and status—which are recognized under federal law (FERPA) as highly personal and confidential matters.

For these reasons, and particularly when Defendant MDE does not object to Plaintiffs proceeding pseudonymously, Plaintiffs ask the Court to permit them to proceed under pseudonymous status. Upon entry of an order allowing Plaintiffs to proceed anonymously, the parties' counsel can cooperate to craft an appropriate protective order allowing the disclosure of Plaintiffs' identities to defense counsel and appropriate party representatives.

Respectfully submitted,

SALVATORE PRESCOTT
PORTER & PORTER, PLLC

/s/ Jennifer B. Salvatore
Jennifer B. Salvatore (P66640)
David L. Fegley (P85275)
105 E. Main St.
Northville, MI 48167
(248) 679-8711
salvatore@spplaw.com
fegley@spplaw.com

Elizabeth Abdnour (P78203)
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915

3

          (517) 292-0067
elizabeth@abdnour.com

Erin H. Diaz (P80388)
Mitchell D. Sickon (P82407)
Disability Rights Michigan
4095 Legacy Parkway
Lansing, Michigan 48911
(517) 487-1755
ediaz@drmich.org
msickon@drmich.org

Jacquelyn N. Babinski (P83575)
MI AECRES
P.O. Box 705
Ludington, Michigan 49431
(231) 794-2379
jbabinski@miaecres.org

*Attorneys for Plaintiff*

Dated: April 21, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2023, I electronically filed the foregoing document, and this *Certificate of Service* with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to counsel of record.

Dated: April 21, 2023                                        /s/ Kelly Murawski
                                                                               Kelly Murawski, Paralegal