UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.L. et al,

        Plaintiff,

v.

        CASE NO. 1:22-cv-838

        HON. ROBERT J. JONKER

MICHIGAN DEPARTMENT OF EDUCATION,

        Defendant.
_____/

## **ORDER**

      This is a challenge by three former or current students in the Kalamazoo Public School system to the way the Michigan Department of Education handled its responsibilities to identify and assist disabled students in the system. One of the Plaintiffs, (K.B), is a minor who must be identified publicly only with initials. Fed. R. Civ. P. 5.2. The Court has also granted K.B.'s request for appointment of a next friend, which is standard practice for a minor litigant. ECF No. 20. What is not standard practice in this Court is permitting parties who are not minors, including next friends, to proceed anonymously. The Court provided a brief history of its normal approach on such matters and invited the parties to respond. ECF No. 20. Plaintiffs did so. ECF No. 24. The Court has considered Plaintiffs' submission and all other matters of record and respectfully denies Plaintiffs' request. Except for the minor litigant (K.B), Plaintiffs must proceed publicly in their own names.

      Under the Federal Rules of Civil Procedure, every party must have his or her name stated in the case caption. *See* Fed. R. Civ. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). As already noted, minor parties must be identified under Rule 5.2 with initials only, but the general

rule of full identification does apply to their Next Friends. This is because courts begin with the presumption of open judicial proceedings. *See Porter*, 370 F.3d at 560. A plaintiff may proceed under a pseudonym only in exceptional circumstances. *See Citizens for a Strong Ohio v. Marsh*, 123 Fed. App'x 630, 636 (6th Cir. 2005). A court may determine that "a plaintiff's privacy interests substantially outweigh the presumption" in favor of open judicial proceedings by considering factors such as: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." Porter, 370 F.3d at 560 (quoting Doe v. Steagall, 653 F.2d 180, 185–86 (5th Cir. 1981)). Plaintiffs note they are challenging government activity–or inactivity–here. And they further note that information about their disabilities could be characterized as "of the utmost intimacy." But all things considered, the Court is not satisfied that the balance of considerations displaces the presumption of open judicial proceedings and the fundamental values that presumption protects, including transparency and accountability.

The Court finds that the Plaintiffs have failed to rebut the presumption in favor of open judicial proceedings. The general public interest in open proceedings requires a heavy basis to overcome, and Plaintiffs have not met that burden here. *See Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011) (observing that the "level of public interest in access to the identities of litigants" counsels against the use of a pseudonym). Cases involving sensitive matters and schoolchildren routinely are handled without pseudonyms in this Court. *See, e.g., Booth v. Coopersville Area Public Schools*, Case No. 1:08-CV-505 (W.D. Mich. 2009) (avoiding use of pseudonyms in case involving the alleged hazing and sexual assault of high school athlete); *Doe v Grand Rapids Public*

*School District*, Case No. 1:14-CV-1161 (W.D. Mich. 2015) (Title IX).  The same is true of sensitive matters involving sexual abuse and harassment, though these particular concerns do not appear to be at issue here.  *See Johnson v. Active Machine & Tool, Inc.*, Case No. 1:10-CV-95 (W.D. Mich. 2010) (avoiding use of pseudonyms in case involving the alleged sexual assault and rape of an employee).

This case presents issues that transcend the particular situation of these Plaintiffs and have broad policy implications for the education system and taxpayers.  Indeed, Plaintiffs seek, among other things, statewide structural relief.  First Amended Complaint, ECF No. 10, at PageID.99-100 (requesting "a state-wide, pro-active protocol," mandates on hiring or allocating personnel and directing funding to local districts).  The lawsuit comes at a time when special education issues are in the national spotlight with the Supreme Court's decision in *Perez v Sturgis Public Schools*, Case No. 21-887 (March 21, 2023), a case originating in this district.  Both *Perez* and *Richards v Sturgis Public Schools*, Case No. 18-CV-1420 (W.D. Mich. 2008), another special education case in this district, proceeded without use of pseudonyms.  Litigation that involves important and current public policy issues are poor candidates for displacing the presumption of open proceedings, at least when the litigants are not called upon to disclose a history of or plans for inculpatory conduct under the laws they seek to challenge or enforce.  Here, Plaintiffs suffer from disabilities, which is not in the least blameworthy, and they simply seek to hold the government accountable to what they believe the law requires, considering their circumstances.

Accordingly, the Court **DENIES** the Plaintiffs' Motion for Leave to Proceed under Pseudonyms (ECF Nos. 18, 19); provided, however, that the minor plaintiff (K.B.) in this case must be referred to only by initials, as normally required under Rule 5.2.

**IT IS SO ORDERED.**

Dated:     May 1, 2023               /s/ Robert J. Jonker
                                                        ROBERT J. JONKER
                                                        UNITED STATES DISTRICT JUDGE