# EXHIBIT AI

## STATE OF MICHIGAN
## MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES

| | |
|---|---|
| In the matter of:<br><br>K.S.F.,<br><br>        Petitioner,<br><br>vs.<br><br>COMSTOCK PUBLIC SCHOOLS.<br><br>        Respondents. | Docket No.: 22-004868<br><br>Case No.: DP-22-0017<br><br>Agency: Department of Education<br><br>Case Type: Ed. Sp. Ed Regular<br><br>Filing Type: Appeal<br><br>Administrative Law Judge<br>Lindsay Wilson |
| Elizabeth K. Abdnour (P78203)<br>ELIZABETH ABDNOUR LAW, PLLC<br>1100 W. Saginaw Street, Suite 4A-2<br>Lansing, MI 48915<br>(517) 292-0067<br>elizabeth@abdnour.com<br><br>Jacquelyn Babinski (P83575)<br>MI AECRES<br>P.O. Box 705<br>Ludington, MI 49431<br>(231) 794-2379<br>jbabinski@miaecres.org<br><br>*Attorneys for Petitioner* | Jordan M. Bullinger (P72441)<br>Vickie L. Coe (P72489)<br>CLARK HILL PLC<br>*Attorneys for Respondent*<br>200 Ottawa Avenue NW, Suite 500<br>Grand Rapids, MI 49503<br>(616) 608-1146<br>jbullinger@clarkhill.com<br>kilijic@clarkhill.com |

### SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

**WHEREAS,** Petitioner, Ke'Aujanaa Shepherd-Friday, on her own behalf, filed a Due Process Hearing Request against Comstock Public Schools ("District" or "Respondent") on or about February 18, 2022.

**WHERAS**, Petitioner and the District have participated in mediation regarding the Due Process Hearing;

**Error! Unknown document property name.**

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

PLAINTIFFS 00010402

DocuSign Envelope ID: 3567F08B-7B6F-41DE-AF60-F1AAD6BCBC74

**NOW THEREFORE,** the Parties wish to resolve the issues within Petitioner's Due Process Hearing Request and **AGREE**, in consideration of the mutual promises herein contained, as follows:

1. Petitioner, Ke'Aujanaa Shepherd-Friday, on her own behalf, is entering into this Settlement Agreement and Release of Claims knowingly, voluntarily, and intelligently, without any undue pressure or coercion, and an opportunity to consult with counsel.

2. Respondent, Comstock Public Schools, is entering into this agreement knowingly, voluntarily, and intelligently, with an opportunity to consult with counsel and without any undue pressure or coercion, on behalf of their past, present, and future Board Members, Superintendents, administrators, teachers, employees, agents, consultants, and assigns.

3. Respondent agrees to create a compensatory education bank not to exceed a sum certain of Five Thousand Dollars ($5,000.00). Petitioner will be authorized to draw down from the compensatory education bank to pay for privately-obtained services by an individual certified with the Michigan Department of Education. The compensatory education bank will expire on September 1, 2023 and any amount remaining will be returned to Respondent. In order to access the compensatory education bank under this paragraph, Petitioner must submit invoices to:

    > Janan Zimmerman
    > Special Education Director
    > Eastern Service Area of KREA
    > janan.zimmerman@garams.org

    Respondent may designate an alternate individual to submit invoices to under this term. In such an event, Petitioner will be notified in writing of the designation and contact information for the alternate individual.

4. Respondent agrees to designate an individual to serve as the primary point of contact regarding implementation of the terms of this Settlement Agreement and Release of Claims. Respondent will inform Petitioner in writing of the name, title and contact information of the designated individual. In the event an alternate individual is required, Petitioner will be notified in writing of the alternate individual, including the name, title and contact information of the alternate individual.

5. Respondent agrees to facilitate Petitioner applying to and accessing one or a combination of the following, to the extent the programs are in operation, over the Summer of 2021-2022 for purposes of credit recovery:

    a. Summer Programming available through Comstock Public Schools;

2

DocuSign Envelope ID: 3567F08B-7B6F-41DE-AF60-F1AAD6BCBC74

    b. Youth Opportunity Unlimited ("YOU") through Comstock Public Schools; and/or,

    c. Summer Programming available through Galesburg Augusta Community Schools.

If Petitioner elects to access Summer Programming through Galesburg Augusta Community Schools, then Petitioner agrees that she will not file or pursue any complaints, due process hearings, or litigation regarding any claim against Galesburg Augusta Community Schools related to the Summer Programing accessed under this term.

Respondent agrees to provide transportation from Petitioner's residence to and from the site of the Summer Program accessed under this term.

6. Respondent agrees to conduct OT, S/L, Reading and AT assessments of Petitioner. Petitioner agrees to provide any and all consent necessary for completion of the assessments. The Parties further agree that at the completion of the assessments contemplated under this term, that an IEP Team meeting will be held to consider both the results of the assessments within this paragraph and the educational evaluation referenced in paragraph seven below.

7. Respondent agrees to reimburse Petitioner a sum certain of Four Thousand and Four Hundred Dollars ($4,400.00) for the educational evaluation arranged by Petitioner. Petitioner agrees to provide consent authorizing the release of records from the evaluator under this paragraph to Respondent and to permit the District to communicate with the evaluator regarding the evaluation.

8. Respondent agrees to pay attorney fees to counsel for Petitioner a sum certain of Four Thousand Dollars ($4,000.00). Petitioner recognizes and understands that the consideration provided and agreement to implement this Settlement Agreement and Release of Claims is a compromise by Respondent and that Respondent's denial of prevailing party status, costs, and any additional consideration in any other forum is a material term and condition of this Settlement Agreement and Release of Claims. Should Petitioner or her Counsel attempt to pursue prevailing party status or a claim for additional attorney fees or reimbursement for costs or educational services related to the due process hearing in any other forum against Respondent, jointly or separately, or their respective agents and assigns, Petitioner will be in breach of the terms of this Settlement Agreement and Release of Claims.

9. Petitioner acknowledges that the consideration set forth in this Settlement Agreement and Release of Claims is in compromise and settlement of all the claims and causes of action, known and unknown, including but not limited to child care, lost wages, purchase of equipment, attorney fees and costs, and any other loss or expense incurred by Petitioner. Petitioner agrees to withdraw and dismiss all of her pending complaints, litigation or hearings with prejudice as to the Respondent named in the pending matter, including the above-captioned matter, in any forum that has been made through the

DocuSign Envelope ID: 3567F08B-7B6F-41DE-AF60-F1AAD6BCBC74

date of the execution of this Settlement Agreement and Release of Claims. In exchange for the consideration set forth in this Settlement Agreement and Release of Claims, Petitioner is granting the Respondent a clean slate. Petitioner further agrees that she will not file or pursue any further complaints, due process hearings, or litigation regarding any claim that may have been made under the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, the Michigan Persons with Disabilities Civil Rights Act, the Michigan Mandatory Special Education Act or any other State or Federal law through the date of the execution of this Settlement Agreement and Release of Claims.

10. The Parties to this Settlement Agreement and Release of Claims recognize and acknowledge that this Settlement Agreement and Release of Claims reflects a compromise of disputed factual and legal claims that are specific to Ke'Aujanaa Shepherd-Friday. This Settlement Agreement and Release of Claims is made and signed by the parties with the express understanding and acknowledgment that its terms are limited to Ke'Aujanaa Shepherd-Friday. No party to this Settlement Agreement and Release of Claims admits any wrongdoing or liability for any causes, complaints, claims, potential claims or reimbursements that may exist among the parties to this Settlement Agreement and Release of Claims and, in fact, every party expressly denies any wrongdoing, liability or obligation for such claims or reimbursements.

11. The Parties also agree that the terms of this Settlement Agreement and Release of Claims will remain confidential except as otherwise provided by the Family Education Rights and Privacy Act ("FERPA") and/or the Freedom of Information Act ("FOIA") and may not be used as evidence in a subsequent due process hearing or civil proceeding under the Individuals with Disabilities Education Act, except to pursue a claim or defend a claim for attorney fees under the Individuals with Disabilities Education Act or to pursue or defend a claim for a breach of this Settlement Agreement and Release of Claims.

12. The Parties agree that the terms described in this Settlement Agreement and Release of Claims constitute adequate consideration for the promises and agreements described herein and that no further consideration is required.

13. This Settlement Agreement and Release of Claims constitutes the complete agreement between the Parties. Its terms may not be appealed. The terms may only be modified or amended by a written document signed by each of the Parties.

14. The Parties agree that nothing in this Settlement Agreement and Release of Claims shall be intended to confer third party beneficiary status or rights, pursuant to MCL 600.1405 or under the common law, to any person or entity that is not a party to this Settlement Agreement and Release of Claims.

15. The Parties agree that should any provision of this Settlement Agreement and Release of Claims be declared void or invalid, those void or invalid terms will be stricken from

the Settlement Agreement and Release of Claims with the remaining terms surviving as written.

16. The Parties agree that this Settlement Agreement and Release of Claims is an Agreement pursuant to 20 U.S.C. § 1415(e)(2)(F)(iii), and as such, is enforceable under IDEA 2004 in any court of competent jurisdiction.

Date: 6/21/2022

By: *Ke'Aujanaa Shepherd-Friday* (DocuSigned, AAA3B56AB535497...)
Ke'Aujanaa Shepherd-Friday

Date: 6/9/2022

By: *Janan Zimmerman* (DocuSigned, 1B5F5C5BDF0049E...)
Representative of Comstock Public Schools

5

Error! Unknown document property name.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

PLAINTIFFS 00010406