# EXHIBIT BC

# STATE OF MICHIGAN

## MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES

| | |
|---|---|
| In the matter of:<br><br>H.B. o/b/o K.B.,<br><br>       Petitioner,<br><br>vs.<br><br>KALAMAZOO PUBLIC SCHOOLS,<br><br>       Respondent. | Docket No.: 22-004118<br><br>Case No.: DP-22-0012<br><br>Agency: Department of Education<br><br>Case Type: Ed. Sp. Ed Regular<br><br>Filing Type: Appeal<br><br>Administrative Law Judge<br>Michael J. St. John |

Elizabeth K. Abdnour (P78203)
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw Street, Suite 4A-2
Lansing, MI 48915
(517) 292-0067
elizabeth@abdnour.com

Erin H. Diaz (P80388)
Mitchell D. Sickon (P82407)
DISABILITY RIGHTS MICHIGAN (DRM)
4095 Legacy Parkway
Lansing, MI 48911-4263
(517) 487-1755
ediaz@drmich.org
msickon@drmich.org

Jacquelyn Babinski (P83575)
MI AECRES
P.O. Box 705
Ludington, MI 49431
(231) 794-2379
jbabinski@miaecres.org

*Attorneys for Petitioner*

Jordan M. Bullinger (P72441)
Vickie Coe (P72489)
CLARK HILL PLC
*Attorneys for Respondent*
*Kalamazoo Public Schools*
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1146
jbullinger@clarkhill.com
vcoe@clarkhill.com

## **SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

PLAINTIFFS 00010396

**WHEREAS,** Heather Bush, on her own behalf and on behalf of her minor child, K█ B█ ("Petitioner") filed a Due Process Hearing Request against Kalamazoo Public Schools ("District" or "Respondent") on or about February 11, 2022.

**WHEREAS**, Petitioner and the District have participated in mediation regarding the Due Process Hearing;

**NOW THEREFORE**, the Parties wish to resolve the issues within Petitioner's Due Process Hearing Request and **AGREE**, in consideration of the mutual promises herein contained as follows:

1. Petitioner, Heather Bush, on her own behalf and on behalf of her minor child, K█ B█, is entering into this Settlement Agreement and Release of Claims knowingly, voluntarily, and intelligently, without any undue pressure or coercion, and an opportunity to consult with counsel.

2. Respondent, Kalamazoo Public Schools, is entering into this agreement knowingly, voluntarily, and intelligently, with an opportunity to consult with counsel and without any undue pressure or coercion, on behalf of their past, present, and future Board Members, Superintendents, administrators, teachers, employees, agents, consultants, and assigns.

3. Respondent agrees to create a compensatory education bank not to exceed a sum certain of Six Thousand Dollars ($6,000.00). Petitioner will be authorized to draw down from the compensatory education bank to pay for privately-obtained services for by an individual certified with the Michigan Department of Education. The compensatory education bank will expire on September 1, 2024 and any amount remaining will be returned to Respondent. In order to access the compensatory education bank under this paragraph, Petitioner must submit invoices to:

    Reuquiyah Saunders
    Special Education Director
    Kalamazoo Public Schools

    Respondent may designate an alternate individual to submit invoices to under this term. In such an event, Petitioner will be notified in writing of the designation and contact information for the alternate individual.

4. Respondent agrees to contract with independent evaluators to conduct a comprehensive evaluation of K█, including a neuropsychological evaluation. The evaluation will be conducted by independent evaluators who are selected by the District with input from

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

PLAINTIFFS 00010397

Petitioner. Petitioner agrees to provide any and all consent necessary for completion of the assessments. The Parties further agree that at the completion of the assessments contemplated under this term, that an IEP Team meeting will be held to consider both the results of the assessments within this paragraph. The Parties further agree that the IEP Team will consider any outside report provided by the Parent at that meeting and will consider K████'s need for appropriate social work services; transportation services, biweekly progress reports and goals and objectives based on the data available to the IEP Team.

5. Respondent agrees to arrange for a Functional Behavior Assessment ("FBA") of K████. The District further agrees that following completion of the FBA, the IEP Team will review K████'s Behavior Intervention Plan ("BIP") and, as appropriate, revise the BIP. Petitioner agrees to provide any and all consent necessary for completion of the assessments.

6. Respondent agree to pay Petitioner a sum certain of Thirty Thousand Dollars ($30,000.00). Petitioner recognizes and understands that the consideration provided and agreement to implement this Settlement Agreement and Release of Claims is a compromise by Respondent and that Respondent's denial of prevailing party status, costs, and any additional consideration in any other forum is a material term and condition of this Settlement Agreement and Release of Claims. Should Petitioner or her Counsel attempt to pursue prevailing party status or a claim for additional attorney fees or reimbursement for costs or educational services related to the due process hearing in any other forum against Respondent, jointly or separately, or their respective agents and assigns, Petitioner will be in breach of the terms of this Settlement Agreement and Release of Claims.

   The payment under this term will be made to Elizabeth Abdnour Law, PLLC which shall be allocated to reimburse to reimburse Elizabeth Abdnour Law, PLLC, Disability Rights Michigan, and MI AECRES for attorneys' fees and costs incurred with any remaining allocated to Petitioner.

   Payment will be disbursed within 30 days of the signing of this Settlement Agreement and Release of Claims.

7. Petitioner acknowledges that the consideration set forth in this Settlement Agreement and Release of Claims is in compromise and settlement of all the claims and causes of action, known and unknown, including but not limited to child care, lost wages, purchase of equipment, attorney fees and costs, and any other loss or expense incurred by Petitioner. Petitioner agrees to withdraw and dismiss all of their pending complaints, litigation or hearings with prejudice as to the Respondent named in the pending matter, including the above-captioned matter, in any forum that has been made through the date of the execution of this Settlement Agreement and Release of Claims. In exchange for the consideration set forth in this Settlement Agreement and Release of Claims, Petitioner is granting the Respondent a clean slate. Petitioner further agrees that she will not file or pursue any further complaints, due process hearings, or litigation

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

PLAINTIFFS 00010398

regarding any claim that may have been made against Respondent under the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, the Michigan Persons with Disabilities Civil Rights Act, the Michigan Mandatory Special Education Act or any other State or Federal law through the date of the execution of this Settlement Agreement and Release of Claims.

8. The Parties to this Settlement Agreement and Release of Claims recognize and acknowledge that this Settlement Agreement and Release of Claims reflects a compromise of disputed factual and legal claims that are specific to K███ B███. This Settlement Agreement and Release of Claims is made and signed by the parties with the express understanding and acknowledgment that its terms are limited to K███ B███. No party to this Settlement Agreement and Release of Claims admits any wrongdoing or liability for any causes, complaints, claims, potential claims or reimbursements that may exist among the parties to this Settlement Agreement and Release of Claims and, in fact, every party expressly denies any wrongdoing, liability or obligation for such claims or reimbursements.

9. The Parties also agree that the terms of this Settlement Agreement and Release of Claims will remain confidential except as otherwise provided by the Family Education Rights and Privacy Act ("FERPA") and/or the Freedom of Information Act ("FOIA") and may not be used as evidence in a subsequent due process hearing or civil proceeding under the Individuals with Disabilities Education Act, except to pursue a claim or defend a claim for attorney fees under the Individuals with Disabilities Education Act or to pursue or defend a claim for a breach of this Settlement Agreement and Release of Claims.

10. The Parties agree that the terms described in this Settlement Agreement and Release of Claims constitute adequate consideration for the promises and agreements described herein and that no further consideration is required.

11. This Settlement Agreement and Release of Claims constitutes the complete agreement between the Parties. Its terms may not be appealed. The terms may only be modified or amended by a written document signed by each of the Parties.

    The Parties agree that nothing in this Settlement Agreement and Release of Claims shall be intended to confer third party beneficiary status or rights, pursuant to MCL 600.1405 or under the common law, to any person or entity that is not a party to this Settlement Agreement and Release of Claims. The Parties acknowledge that Petitioner may have claims for relief against the State in a different forum and that Petitioner is not waiving any such claims for relief against the State.

12. The Parties agree that should any provision of this Settlement Agreement and Release of Claims be declared void or invalid, those void or invalid terms will be stricken from the Settlement Agreement and Release of Claims with the remaining terms surviving as written.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

PLAINTIFFS 00010399

13. The Parties agree that this Settlement Agreement and Release of Claims is an Agreement pursuant to 20 U.S.C. § 1415(e)(2)(F)(iii), and as such, is enforceable under IDEA 2004 in any court of competent jurisdiction.

Date: 8/8/2022

By: *Heather Bush*
ID F9EytRmCe3YVbRMk7xf26Mg9
Heather Bush, on her own behalf and on behalf of her minor child, K█████ B█████

Date: 8/10/2022

By: _____
Representative of Kalamazoo Public Schools

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

PLAINTIFFS 00010400

## eSignature Details

**Signer ID:**     **F9EytRmCe3YVbRMk7xf26Mg9**
Signed by:     Heather Bush
Sent to email:     ███████@gmail.com
IP Address:     172.58.109.168
Signed at:     Aug 8 2022, 10:24 pm EDT

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

PLAINTIFFS 00010401