# EXHIBIT P

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

# SETTLEMENT AGREEMENT AND
# FULL AND FINAL MUTUAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Mutual Release of Claims ("Settlement Agreement") is entered into and effective March 26, 2024 (the "Effective Date"), by and between DONQUARION LAMAR-DEANDRE LEWIS ("Lewis"), a competent legal adult, on the one hand, and KALAMAZOO PUBLIC SCHOOLS (the "District"), a Michigan public school district, on the other hand. All parties to this Agreement may be referred to collectively as the "Parties."

## I.    RECITALS

A.    WHEREAS, at relevant times up to his high school graduation date in June 2021, Lewis was a Michigan public school student in the District. As a preschooler, Lewis was initially identified as a "student with a disability" as defined under the Individuals with Disabilities Education Act ("IDEA"), 20 USC §1400 *et seq.*, and under the Michigan Mandatory Special Education Act ("MMSEA") (M.C.L.A. 380.1701 *et seq.*) as a student with a speech and language impairment. In 2012, Lewis's eligibility was changed to a specific learning disability. Lewis attended Kalamazoo Public Schools with an Individualized Education Program ("IEP") in place at all times with special education programs, supplementary aids, services, and support to address his unique disability-related needs.

B.    WHEREAS, on January 27, 2021, Lewis, through his advocate, filed a complaint against the District with the Michigan Department of Education ("MDE"). The complaint alleged that the District failed to provide Lewis with a free appropriate public education ("FAPE").

C.    WHEREAS, on March 23, 2021, following its investigation, MDE concluded that Lewis's IEP was developed to address his needs and it found in favor of the District.

D.    WHEREAS, on October 22, 2021, Lewis initiated an administrative hearing before the State of Michigan Office of Administrative Hearings and Rules (MOAHR), Docket No. 21-

027515, Case No. DP-21-0038.

E.   WHEREAS, on December 20, 2022, after an evidentiary hearing and extensive motion practice, Administrative Law Judge St. John of the MOAHR issued a Decision and Order and ruled in favor of the District on all issues.

F.   WHEREAS, in an appeal of the MOAHR Decision and Order, Lewis commenced a federal lawsuit against the District on December 20, 2022, in the United States District Court for the Western District of Michigan, which case was assigned Case No. 1:22-cv-01208 (the "Lawsuit"), which sought review of the MOAHR Decision and Order and asserted claims under the IDEA, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act.

G.   WHEREAS, at all times, the District has denied and continues to deny the claims and allegations of Lewis, and specifically the allegation that Lewis was not provided a FAPE by the District at any time during his education by the Kalamazoo Public Schools;

H.   WHEREAS, the Parties desire to compromise and settle the Lawsuit and avoid continuing expenses and risk, and the Parties desire to enter into this Settlement Agreement as a full and complete settlement and mutual release of claims with respect to the matters set forth herein and all other claims asserted, or that could be asserted, by and between these Parties arising out of or related in any way to Lewis's education at and by the District up until the Effective Date of this Settlement Agreement; and

I.   WHEREAS, the Parties by entering into this Settlement Agreement make no admissions whatsoever, and they enter into this Settlement Agreement for the purpose of settling the Lawsuit and any and all related claims and exchanging various consideration and mutual releases, while specifically denying any and all claims and entering into this Settlement Agreement to avoid future litigation and lost time.

PLAINTIFFS 00009433

NOW, THEREFORE, in consideration of the mutual covenants and consideration set forth below, the Parties hereby agree as follows:

## II.      SPECIFIC TERMS AND CONDITIONS

1.      <u>Recitals.</u>  Each of the foregoing recital paragraphs is incorporated herein as though set forth in full.

2.      <u>Non-Monetary Consideration for Settlement.</u>  KPS agrees to provide Lewis with 1,080 hours of compensatory education at a mutually agreeable location and schedule, which will include the important direction of Dr. Lauren Katz and working with a speech language pathologist ("SLP") to address his disabilities and needs. It is anticipated that Lewis will receive his post-graduation compensatory education at the rate of approximately six (6) hours per week during the regular school year.

Lewis and the District's assigned SLP will schedule the compensatory education sessions at least one week in advance and shall work in good faith to schedule the sessions at a time convenient to both Lewis and the assigned SLP.  Lewis is expected to attend all scheduled sessions with the SLP and be on time to those sessions.  If Lewis is late to any scheduled session, yet attends for a portion of it, the entire scheduled session will be counted against the 1,080 hours of compensatory education. If Lewis cannot attend any scheduled session, he is required to provide advance notice to the SLP as soon as possible.  If Lewis fails to provide at least twenty-four hours of notice to the SLP that he will not be attending a given session, the scheduled hour or hours will still be counted against the 1,080 hours. Any unused hours of compensatory education remaining after four (4) years from the Effective Date shall be forfeited. Lewis will not have to give up or rescind his high school diploma to receive this post-graduation compensatory education. KPS will assign an SLP to provide the education to Lewis who has solid clinical skills and experience working with older students.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Lewis's chosen expert, Lauren A. Katz, Ph.D. ("Dr. Katz"), will be permitted to provide important direction about the compensatory education provided by the District to Lewis as set forth herein, which shall have the following limitations and costs:

- Dr. Katz will perform an initial evaluation of Lewis for $2,400.

- Dr. Katz will provide approximately 10 hours of training to the District's speech language pathologists at a total cost of $3,000. All or part of the training provided by Katz may be specific to Lewis and his specific disabilities for the delivery of the compensatory education to be specific to Lewis' needs.

- Dr. Katz will check in with the SLP assigned to Lewis every other week for up to 30 minutes at the rate of $250 per hour. The introductory meeting may take an hour.

- Dr. Katz will check in with Lewis once a month for up to 30 minutes at the rate of $250 per hour. The introductory meeting may take an hour.

Dr. Katz will invoice the District for her fees, subject to the foregoing limitations. Invoices shall be issued monthly and the District shall be responsible for paying for those fees within thirty (30) days of invoice. Dr. Katz will issue invoices to the following: Kalamazoo Public Schools, Attn: Reuquiyah Saunders, Special Education Director, 1220 Howard St, Kalamazoo, MI 49008.

3. <u>Monetary Consideration for Settlement.</u> In further consideration of the settlement herein, the Parties agree that the District shall pay to Lewis's counsel of record, Disability Rights Michigan, within thirty (30) days of the Effective Date (the "Payment Deadline"), the lump sum amount of One Hundred Thousand Dollars ($100,000.00) (the "Settlement Amount") for attorneys' fees and claimed damages. As further consideration for settlement, the Parties agree to the other representations and promises set forth in this Settlement Agreement.

4. <u>Payment Instructions.</u> The District and/or its insurer shall issue payment for the Settlement Amount by the Payment Deadline, with payment being effectuated by electronic check

4

PLAINTIFFS 00009435

or physical check made payable to "Disability Rights Michigan" and delivered to Disability Rights Michigan, Attn: Erin Diaz, 4095 Legacy Parkway, Lansing, MI 48911 or in accordance with banking instructions provided by Disability Rights Michigan.

5. <u>Dismissal of the Lawsuit</u>.  In exchange for the consideration set forth in this Settlement Agreement, including but not limited to the payment of the Settlement Amount by the Payment Deadline, the Parties agree to dismiss the Lawsuit with prejudice and without costs or attorneys' fees to any party promptly following execution of the Settlement Agreement and payment of the Settlement Amount.

6. <u>Mutual Release:</u>  For and in consideration of the mutual promises and covenants set forth herein, and only effective upon payment of the Settlement Amount by the Payment Deadline, the Parties, and their current and former officers, directors, members, employees, agents, partners, representatives, principals, insurers, attorneys, heirs, successors, and assigns, hereby release and forever discharge each other, and their current or former officers, directors, members, employees, agents, partners, representatives, principals, insurers, attorneys, heirs, successors, and assigns, from any and all claims (including, but not limited to, claims for attorneys' fees), demands, losses, damages, agreements, actions, promises, or causes of action (known or unknown) which they now have or may later discover or which may hereafter exist against each other, in connection with or arising directly or indirectly out of, or in any way related to the claims and defenses discussed in the Recitals, or in any way otherwise related to the Lawsuit, up to the date of execution of this Agreement.

7. <u>Agreement Not to Sue.</u>  Lewis further agrees that he will not file or pursue against the Kalamazoo Public Schools any further complaints, due process hearings, or litigation regarding any claim under the Individuals with Disabilities Education Act, Section 504 of the

PLAINTIFFS 00009436

Rehabilitation Act, the Americans with Disabilities Act, the Michigan Persons with Disabilities Civil Rights Act, the Michigan Mandatory Special Education Act or any other State or Federal law through the date of the execution of this Settlement Agreement. Although unanticipated future claims, if any, may not be released, it is agreed that the post-graduation compensatory education that the District has agreed to provide to Lewis as part of the consideration for this Settlement Agreement is adequate such that, absent breach or non-compliance, no additional compensatory education will be delivered.

8.   <u>Voluntary Agreement.</u>  Lewis hereby agrees and represents that he is entering into this agreement knowingly, voluntarily, and intelligently, with an opportunity to consult with counsel and without any undue pressure or coercion, from or on behalf of past, present, and/or future District Board Members, Superintendents, administrators, teachers, employees, agents, consultants, or assigns of the District.

### III.   GENERAL PROVISIONS

A.   **ADVICE OF COUNSEL**

The Parties hereby represent that they have been advised of the effect of this Agreement by their own attorneys, or that they have had the opportunity to consult with an attorney of their choosing, that each has been advised of its meaning and consequences by its respective counsel, and that they have investigated the facts and are not relying upon any representation or acknowledgment, whether oral or written, of any other party hereto except as contained herein.

B.   **NOTICES**

For purposes of written notice under this Settlement Agreement, the following contact information shall be used for all purposes, including but not limited to Notice of Default:

6

<u>As to Lewis:</u>

Mitchell D. Sickon (P82407)
Erin H. Diaz (P80388)
Nicholas A. Gable (P79069)
Disability Rights Michigan
4095 Legacy Parkway
Lansing, MI 48911
(517) 487-1755
msickon@drmich.org
ediaz@drmich.org
ngable@drmich.org

<u>As to the District:</u>

Jordan Bullinger
Clark Hill, P.C.
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1146
jbullinger@clarkhill.com

C.   **NO ASSIGNMENTS**

The Parties to this Agreement hereby represent and warrant that no portion of the party's claims hereunder have been assigned, and that they have not otherwise assigned or transferred to any person or entity any right to recovery for any claim or potential claim that would otherwise be released under this Agreement.

D.   **ENTIRE AGREEMENT**

Except as otherwise set forth herein, this Settlement Agreement embodies the entire agreement and understanding between the Parties and supersedes all prior agreements and understandings relating to the subject matter hereof, including but not limited to the Term Sheet executed by the Parties at the end of the Voluntary Facilitative Mediation held on February 27, 2024. No course of prior dealing between the Parties, no usage of the trade, and no parole or extrinsic evidence of any nature shall be used or be relevant to supplement, explain or modify any

PLAINTIFFS 00009438

term used herein. Each Party represents and warrants that they are not relying on any other party for tax or bankruptcy advice. This Settlement Agreement is a product of negotiation and preparation by and among each Party. Therefore, the Parties acknowledge and agree that this Settlement Agreement should not be deemed prepared or drafted by one party or the other and shall be construed accordingly.

E.  **COUNTERPARTS**

The terms of this Settlement Agreement are contractual and not merely recital. This Agreement may be signed in one or more counterparts, each of which shall be deemed an original. Facsimile copies of this Settlement Agreement and the signatures hereto may be used with the same force and effect as the original. This Settlement Agreement shall be deemed fully executed and effective when all Parties have executed at least one of the counterparts, even though no single counterpart bears all such signatures.

F.  **MODIFICATION ONLY IN WRITING**

Neither this Settlement Agreement nor any provision hereof may be changed, waived, discharged or terminated, except by a subsequently executed instrument in writing signed by the party against whom enforcement of the change, waiver, discharge or termination is sought.

G.  **CONFIDENTIALITY**

No party, or any representative of any party, shall, without the prior, written consent of all other Parties (1) provide a copy of this Agreement or any portion of this Agreement to any person/entity not a party to this Agreement; (2) disclose to any person/entity not a party to this Agreement any or all parts of the terms of this Agreement; (3) disclose to any person/entity not a party to this Agreement any of the prospective parts of this Agreement or terms of settlement which were discussed in negotiations prior to the execution of this Agreement.

PLAINTIFFS 00009439

Notwithstanding the foregoing, the parties may make the following disclosures: (1) the Parties may disclose this Settlement Agreement and its terms to any proposed purchaser of the Parties' real property; (2) disclosures mandated by legislative, judicial and/or administrative order, rule or regulation; (3) disclosures to immediate family members, tax preparers, tax advisors, independent public accountants, attorneys and insurers, past, present and prospective, provided that such tax preparers, tax advisors, independent public accountants, attorneys and insurers agree to keep all such information in strict confidence except as required by this Agreement, law, regulation, or the standards of the accounting or auditing profession; (4) disclosures to any taxing authority for the purpose of submitting the respective party's tax information to that tax authority; (5) disclosures required by governmental regulatory bodies with the legal right to review the books and records of a party; and (6) any other disclosure which is mandated by applicable law, regulation, rule or order.

  H. **ATTORNEYS' FEES**

The Parties shall not make any demands for attorneys' fees, costs and expenses incurred in negotiating or reviewing this Settlement Agreement or relating to or arising out of the Lawsuit or the facts set forth in the Recitals. All parties shall be responsible for their own attorney's fees, court costs, and other litigation expenses.

  I. **AUTHORIZATION**

Each of the undersigned represents that he/she is authorized to enter into this Settlement Agreement on behalf of their respective business entities.

  J. **CONSTRUCTION/SEVERABILITY**

This Settlement Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to resolve completely those claims and disputes between the Parties, as more fully

PLAINTIFFS 00009440

DocuSign Envelope ID: 64263CAF-76B3-4709-9B1A-A0A1A15D82FD

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

described herein.  If any provision of this Settlement Agreement shall be determined to be invalid, void or illegal, such provision shall be construed and amended in a manner which would permit its enforcement but in no event shall such provision effect, impair, or invalidate any other provision hereof.  This Settlement Agreement shall be construed without regard to the identity of the person who drafted its various provisions; each and every provision of this Settlement Agreement shall be construed as though all of the Parties participated equally in the drafting of the same, and any rule of construction that a document is to be construed against the drafting Party shall not be applicable to this Agreement.

The Parties agree that this Settlement Agreement is an Agreement pursuant to 20 U.S.C. § 1415(e)(2)(F)(iii), and as such, is enforceable under IDEA 2004 in any court of competent jurisdiction.

WHEREFORE, the Parties, by their authorized representatives, hereby execute and agree to be bound by this Settlement Agreement:

| DONQUARION LAMAR-DEANDRE LEWIS | KALAMAZOO PUBLIC SCHOOLS |
|---|---|
| *DocuSigned by:* /s/ DQ Lewis<br>E01F58B53A6B446... | By: _____<br><br>Its: _____ |
| Dated: March 27, 2024 | Dated: _____ |

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

described herein. If any provision of this Settlement Agreement shall be determined to be invalid, void or illegal, such provision shall be construed and amended in a manner which would permit its enforcement but in no event shall such provision effect, impair, or invalidate any other provision hereof. This Settlement Agreement shall be construed without regard to the identity of the person who drafted its various provisions; each and every provision of this Settlement Agreement shall be construed as though all of the Parties participated equally in the drafting of the same, and any rule of construction that a document is to be construed against the drafting Party shall not be applicable to this Agreement.

The Parties agree that this Settlement Agreement is an Agreement pursuant to 20 U.S.C. § 1415(e)(2)(F)(iii), and as such, is enforceable under IDEA 2004 in any court of competent jurisdiction.

WHEREFORE, the Parties, by their authorized representatives, hereby execute and agree to be bound by this Settlement Agreement:

| DONQUARION LAMAR-DEANDRE LEWIS | KALAMAZOO PUBLIC SCHOOLS |
|---|---|
|  | By: _Ruuquijah Saunders_ |
|  | Its: _Director of Special Education_ |
| Dated: _____ | Dated: _March 27, 2024_ |

10

PLAINTIFFS 00009442