# EXHIBIT 76

CONFIDENTIAL

## STATE OF MICHIGAN
## MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES

IN THE MATTER OF:

D.L.,
      Petitioner

v

Kalamazoo Public Schools, Kalamazoo
RESA, Michigan Department of Education,
and Dr. Michael Rice in his official capacity
as Superintendent of Public Schools
      Respondents

_____/

Docket No.:  21-027515

Case No.:  DP-21-0038

Agency:  Education

Case Type:  ED Sp Ed Regular

Filing Type:  Appeal

Issued and entered
this 20th day of December 2021
by: Michael J. St. John
Administrative Law Judge

### DECISION AND ORDER
### GRANTING RESOPNDENT MDE'S MOTION TO DISMISS,
### GRANTING RESOPNDENT DR. RICE'S MOTION TO DISMISS,
### GRANTING RESOPNDENT KRESA'S MOTION TO DISMISS,
### GRANTING IN PART RESOPNDENT KPS' MOTION TO DISMISS,
### GRANTING RESOPNDENT MDE'S MOTION TO QUASH SUBPEONAS,
### GRANTING RESOPNDENT KRESA'S MOTION TO QUASH SUBPEONAS,
### GRANTING IN PART RESOPNDENT KPS' MOTION TO QUASH SUBPEONAS, AND
### GRANTING IN PART RESOPNDENT KPS' OBJECTIONS TO AND MOTION TO STRIKE ISSUES

## PROCEDURAL BACKGROUND

On October 22, 2021, Petitioner filed a due process complaint (Complaint) and notice of request for a due process hearing under IDEA.  This Complaint alleges that Respondents violated the Individuals with Disabilities Education Act (IDEA), 20 USC 1400 and following.  The substance of the dispute is whether the Petitioner provided the Student a free appropriate public education (FAPE) by failing to teach the Student to read. The case was assigned to the undersigned Administrative Law Judge (ALJ) of the Michigan Office of Administrative Hearings and Rules (MOAHR).  On October 29, 2021,

PLAINTIFFS 00004685

CONFIDENTIAL

21-027515
Page 4

## DISCUSSION

**Respondents other than KPS are not proper parties to this action and must be dismissed with prejudice.**

A motion for summary disposition may grant relief to the moving party as a matter of law if the tribunal lacks subject matter jurisdiction and/or where there has been a failure to state a claim on which relief can be granted.  Motions for summary disposition are analyzed with the same standards as motions filed under Michigan Court Rule 2.116. *Cross v Grosse Pointe Pub Schools* (STC 12-14).  The proper standard for a motion under the equivalent court rule, MCR 2.116(C)(8) is not dependent on the particular facts of a case, but rather tests the legal sufficiency of the pleadings.  *Lane v Kindercare Learning Ctrs*, 231 Mich App 689 (1998) and *People v Lown*, 448 Mich 242 (2011).

The Code of Federal Regulations provides that a State Education Agency must adopt written procedures for resolving state complaints, 34 CFR 300.151 *et seq*.  Pursuant to the Code of Federal Regulations, the MDE has enacted written procedures resolving a complaint, Michigan Administrative Code R 340.1851 *et seq*.  The procedures specifically provide that the MDE may independently initiate and investigate a state complaint, R 340.1853(1).

A due process hearing may address any issues "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child."  34 CFR 300.507(a).[2]  The MARSE similarly lists issues that may be the subject matter of a special education due process hearing including (c) Educational Placement, and (e) Provision of a FAPE.

Petitioner's Due Process Complaint seeks the undersigned Administrative Law Judge to provide compensatory education as well as several equitable remedies against KRESA and MDE (Complaint pages 21 and 22).  The allegations against KRSEA and MDE are that as supervisory authorities; Petitioner alleges that they had the obligation to ensure that KPS, the LEA, was fulfilling their obligations to the Student.  No party has made an allegation that any entity or person other than KPS as the LEA was required to provide any direct service to the Student.

The Administrative Law Judge and this Tribunal is limited to resolving due process complaints filed pursuant to IDEA, *supra*, and the implementing regulations.  There is nothing in IDEA or the implementing regulations that provide authority for this Tribunal to hear disputes regarding the manner in which the MDE conducts a State Complaint investigation, the results of any such investigation, or the manner in which MDE or a county intermediate school district supervises LEAs.

---

[2] 34 CFR 300.532(a) which governs disciplinary decisions is not applicable to this case.

PLAINTIFFS 00004688

CONFIDENTIAL

21-027515
Page 5

Under the federal regulations, there is (usually) only one entity that is required to provide services to a Student: the LEA.

The LEA is contrasted with the Educational Service Agency (ESA) which for this Student is KRESA and the SEA which for this Student is MDE, of which Dr. Rice is the Superintendent.  Each of these entities is defined in the CFRs at 34 CFR 300.28, 12, and 41 respectively.  The due process complaint may only be filed by the parent against the LEA that is responsible for providing the identification, evaluation, educational placement, or provision of FAPE to the Student.  While this could possibly be an ESA or the SEA if those entities have taken on those responsibilities[3], that is not the case here as the Petitioner has not alleged either entity is responsible for providing direct services to the Student.

Petitioner alleges that the regional and state Respondents knew or should have known that KPS was failing the Student and failed to properly supervise KPS' provision of FAPE to the Student.  Even if true, however, this does not provide jurisdiction for this tribunal to hear claims against those entities.  Petitioner alleges that the regional and state Respondents "are ultimately responsible for ensuring that students receive a FAPE."  However, this is incorrect: that responsibility lies completely and totally with the LEA.

Petitioner cites to *DR v MDE* (2017) for the proposition that an entity other than the LEA can be responsible for providing FAPE to a Student.  This, however, is in the context of a federal court's jurisdiction, not the administrative tribunal's jurisdiction.  Indeed, that very same case makes the argument that administrative remedies against MDE would be futile and inappropriate in a due process hearing and therefore exhaustion was not required.

To the extent that the Petitioner's Due Process Complaint in this matter challenges the manner and decision of MDE's State Complaint investigation or any supervision of the LEA by MDE or KRESA, this is outside the scope of this Due Process Hearing and outside the scope of this Tribunal's jurisdiction. Therefore, Respondent MDE's and KREA's Motions for Summary Disposition are granted.

<u>Petitioner's claims sounding outside of IDEA are outside the jurisdiction of this tribunal and are dismissed with prejudice.</u>

In Michigan, only issues within the framework of IDEA are within the jurisdiction of a due process hearing and this tribunal.  So called Section 504 and Americans with Disability

---

[3] Severely disabled students are often educated directly by ESAs.  MDE operates at least one direct service program for students: the Michigan School for the Deaf.

PLAINTIFFS 00004689

CONFIDENTIAL

CONFIDENTIAL

21-027515
Page 6

(ADA) claims are outside the scope of the limited jurisdiction of due process hearings in Michigan. Although Michigan is in the minority in this approach, this has been the approach adopted. Petitioner's cited unpublished case from the 6th Circuit is not controlling and only requires exhaustion, not a full hearing on the issues. Until MDE or a court of competent jurisdiction orders in a published opinion otherwise, only claims sounding within IDEA are within the tribunal's jurisdiction.

Petitioner's claims for damages under any theory or statute other than IDEA are dismissed with prejudice.

Petitioner's claims prior to October 22, 2019 are outside the statute of limitations and are dismissed with prejudice.

A due process hearing must be filed within two years "of the date the parent [or Student] … knew or should have known about the alleged action that forms the basis of the complaint." 20 USC 1415(f)(3)(C) and 34 CFR 300.507(a)(2). There are two exceptions under 34 CFR 300.511(f): misrepresentation and withholding required information. Neither exception is pled by the Petitioner here. Petitioner's claims are essentially a failure to provide necessary services.

Here there was never a misrepresentation on the part of the Respondent. Respondent never made any objectively false statements. Neither is alleged in the Petitioner's Due Process Complaint. Only when the school misrepresents a fact (i.e. falsely indicating that an evaluation has been done or falsifying an evaluation test score) or proffers an opinion that it knows (or should reasonably know) is false does the misrepresentation exception toll the statute of limitations. In this case, the allegations against KPS center on a failure to provide comprehensive evaluations and services by trained and knowledgeable personnel. This is neither a misrepresentation nor a withholding of information. Respondent KPS cannot withhold information that they have not, by Petitioner's own assertions, collected.

Petitioner's claims before October 22, 2019 are dismissed with prejudice.

Respondent KPS is responsible for providing the Student a FAPE and is entitled to any compensatory education if there was a failure to provide FAPE between October 22, 2019 and the Student's graduate.

Respondent correctly notes that the Petitioner's right to the procedural safeguards under IDEA and MARSE ended with the Student's graduation. Respondent owes the Petitioner no further obligations following the Student's graduation. However, Respondent KPS' argument that the provision of transition services were not required because they occurred after graduation is unfounded. Transition services are required

PLAINTIFFS 00004690

CONFIDENTIAL

21-027515
Page 7

prior to graduation and may continue after graduation if appropriate and necessary to provide the Student with FAPE.  Any transition services the Student was entitled to in the above timeframe (after October 22, 2019) are appropriate issues to be adjudicated by the tribunal.

Issues to be Adjudicated.

Petitioner alleges numerous issues.  The following issues are appropriate for a due process hearing.

1. Did the Respondent fail to conduct initial and follow up comprehensive educational evaluations including cognitive functioning, behavioral, and transition assessments?
2. Did the Respondent fail to create appropriate postsecondary goals?
3. Did the Respondent fail to provide appropriate accommodations and related services to the Student?
4. Did the Respondent fail to appropriately address the Student's behaviors that were impeding the Student's learning?
5. Did the Respondent fail to provide the Student with assistive technology devices and services?

The remainder of the issues presented are either too vague, too generalized, or outside the scope of the hearing and cannot be adjudicated.

Respondent argues that the Respondent's failure to provide an initial evaluation dates to 2012 and therefore is outside the scope of the statue of limitations.  However, the obligation to conduct an initial evaluation is an ongoing one and was just as applicable on October 22, 2019 as it was in 2012.  That objection is denied.

Respondent's objection to Petitioner's proposed issue of the Student being restricted to district-available "programs and services" as too broad is sustained.

Respondent's request to bifurcate the hearing to separately determine whether the Respondent failed to conduct assessments and then determine what goals were appropriate is denied.  These issues can and will be heard together.

Respondent's objection to the generality of accommodations and services required can and will be addressed at the hearing.  Petitioner need not list in their proposed issues each and every accommodation and service that they believe was required for the Student to receive a FAPE; they will need to provide that level of specificity at the hearing, however.  If Respondent believed that the Petitioner's complaint was

PLAINTIFFS 00004691

CONFIDENTIAL

21-027515
Page 9

to the issues in this case: i.e., whether the services were necessary and provided in the proper form and quantity.  Petitioner notes that this information may be useful in determining whether additional training is required of the Respondent school district. However, training for the Respondent's staff will necessarily not affect the Student, who has graduated and is therefore extremely unlikely to be awarded by the tribunal.  Billing information is irrelevant and need not be provided.

To the extent that certifications, accreditation documentation, resumes, and/or CVs of the Student's providers on or after October 22, 2019 are in the possession of the Respondent, they should be provided to the Petitioner as they are relevant to the issues presented.

The undersigned Administrative Law Judge generally does not issue subpoenas to parties to due process hearings, instead preferring to require that the information be provided.  That will also be the case here.  No subpoenas will be issued to (now-non-parties) KRESA, MDE, or Dr. Rice for the reasons noted above.  The information requested that must be provided by the remaining Respondent is ordered to be produced, but no subpoena is necessary since the Respondent's failure to produce that information can be effectively handled by the tribunal without need for Circuit Court intervention.

## ORDER

**NOW, THEREFORE IT IS ORDERED that** Respondent MDE's and Respondent KRESA's Motions to Quash Subpoenas are **GRANTED.**  Those subpoenas will not be issued.

**NOW, IT IS FURTHER ORDERED that** Respondent KPS's Motion to Quash Subpoena is **GRANTED IN PART.**

**NOW, IT IS FURTHER ORDERED that** Respondent MDE's Motion for Summary Disposition is **GRANTED;** Respondent MDE is dismissed with prejudice.

**NOW, IT IS FURTHER ORDERED that** Respondent Dr. Rice's Motion for Summary Disposition is **GRANTED;** Respondent Dr. Michael Rice in his official capacity as State Superintendent is dismissed with prejudice.

**NOW, IT IS FURTHER ORDERED that** Respondent KRESA's Motion for Summary Disposition is **GRANTED;** Respondent Kalamazoo Regional Educational Service Agency is dismissed with prejudice.

PLAINTIFFS 00004693

CONFIDENTIAL

21-027515
Page 10

**NOW, IT IS FURTHER ORDERED that** Respondent KPS' Motion for Summary Disposition is **GRANTED IN PART.** Only those claims relating to IDEA after October 22, 2019 will be adjudicated.

**NOW, IT IS FURTHER ORDERED that** Respondent (KPS) will immediately produce the following information to the Petitioner:

1. IEPs, IEP progress Reports, and MET reports in effect on or after October 22, 2019, which have not previously been provided.

2. All certification or accreditation documentation, including resumes or CVs, currently in the possession of the Respondent for all psychologists, social workers, teachers, aides, and others., who evaluated, instructed, participated in IEP team meetings, and/or otherwise provided educational supports or services to the Student on or after    October 22, 2019.

**NOW, IT IS FURTHER ORDERED that** the only issues to be adjudicated at the due process hearing will be as follows:

1. Did the Respondent fail to conduct initial and follow up comprehensive educational evaluations including cognitive functioning, behavioral, and transition assessments?

2. Did the Respondent fail to create appropriate postsecondary goals?

3. Did the Respondent fail to provide appropriate accommodations and related services to the Student?

4. Did the Respondent fail to appropriately address the Student's behaviors that were impeding the Student's learning?

5. Did the Respondent fail to provide the Student with assistive technology devices and services?

**Michael J. St. John**
**Administrative Law Judge**

PLAINTIFFS 00004694