# EXHIBIT 49

STATE OF MICHIGAN
MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES

IN THE MATTER OF:

H.B. o/b/o K.B.,
    Petitioner

v

Kalamazoo Public Schools, Kalamazoo RESA, et al,
    Respondents

Docket No.: 22-004118

Case No.: DP-22-0012

Agency: Education

Case Type: ED Sp Ed Regular

Filing Type: Appeal

/

Issued and entered
this 16th day of March 2022
by: Michael J. St. John
Administrative Law Judge

### DECISION AND ORDER
### GRANTING RESPONDENT MDE'S MOTION TO DISMISS,
### GRANTING RESPONDENT DR. RICE'S MOTION TO DISMISS,
### GRANTING RESPONDENT KRESA'S MOTION TO DISMISS, AND
### GRANTING IN PART RESPONDENT KPS' MOTION TO DISMISS

**PROCEDURAL BACKGROUND**

On February 11, 2022, Petitioner filed a due process complaint (Complaint) and notice of request for a due process hearing under IDEA. This Complaint alleges that Respondents violated the Individuals with Disabilities Education Act (IDEA), 20 USC 1400 and following. The substance of the dispute is whether the Petitioner provided the Student a free appropriate public education (FAPE) by failing to provide the Student with "comprehensive educational evaluations and individualized educational and social-emotional supports". The case was assigned to the undersigned Administrative Law Judge (ALJ) of the Michigan Office of Administrative Hearings and Rules (MOAHR). On February 16, 2022, an Order Scheduling Prehearing Conference was issued. The prehearing conference was held as scheduled on February 22, 2022. That Order required motions to be filed by March 4, 2022, and responses by March 11, 2022.

PLAINTIFFS 00002662

22-004118
Page 3

The Michigan Court Rule 2.116 provides in relevant part:

> (B) Motion.
> (1) A party may move for dismissal of or judgment on all or part of a claim in accordance with this rule. A party against whom a defense is asserted may move under this rule for summary disposition of the defense.
> * * *
> (C) Grounds. The motion may be based on one or more of these grounds, and must specify the grounds on which it is based.
> * * *
> (4) The court lacks jurisdiction of the subject matter.
> * * *
> (8) The opposing party has failed to state a claim on which relief can be granted.

## DISCUSSION

### Respondents other than KPS are not proper parties to this action and must be dismissed with prejudice.

A motion for summary disposition may grant relief to the moving party as a matter of law if the tribunal lacks subject matter jurisdiction and/or where there has been a failure to state a claim on which relief can be granted. Motions for summary disposition are analyzed with the same standards as motions filed under Michigan Court Rule 2.116. *Cross v Grosse Pointe Pub Schools* (STC 12-14). The proper standard for a motion under the equivalent court rule, MCR 2.116(C)(8) is not dependent on the particular facts of a case, but rather tests the legal sufficiency of the pleadings. *Lane v Kindercare Learning Ctrs*, 231 Mich App 689 (1998) and *People v Lown*, 448 Mich 242 (2011).

The Code of Federal Regulations provides that a State Education Agency must adopt written procedures for resolving state complaints, 34 CFR 300.151 *et seq*. Pursuant to the Code of Federal Regulations, the MDE has enacted written procedures resolving a complaint, Michigan Administrative Code R 340.1851 *et seq*. The procedures specifically provide that the MDE may independently initiate and investigate a state complaint, R 340.1853(1).

A due process hearing may address any issues "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child." 34 CFR 300.507(a).[2] The MARSE similarly lists issues that may be the subject matter of a special education due process hearing including (c) Educational Placement, and (e) Provision of a FAPE.

---

[2] 34 CFR 300.532(a) which governs disciplinary decisions is not applicable to this case.

PLAINTIFFS 00002664

22-004118
Page 4

Petitioner's Due Process Complaint seeks the undersigned Administrative Law Judge to provide compensatory education as well as several equitable remedies against KRESA and MDE (Complaint pages 21 and 22). The allegations against KRSEA and MDE are that as supervisory authorities; Petitioner alleges that they had the obligation to ensure that KPS, the LEA, was fulfilling their obligations to the Student. No party has made an allegation that any entity or person other than KPS as the LEA was required to provide any direct service to the Student.

The Administrative Law Judge and this Tribunal is limited to resolving due process complaints filed pursuant to IDEA, *supra*, and the implementing regulations. There is nothing in IDEA or the implementing regulations that provide authority for this Tribunal to hear disputes regarding the manner in which the MDE conducts a State Complaint investigation, the results of any such investigation, or the manner in which MDE or a county intermediate school district supervises LEAs.

Under the federal regulations, there is (usually) only one entity that is required to provide services to a Student: the LEA.

The LEA is contrasted with the Educational Service Agency (ESA) which for this Student is KRESA and the SEA which for this Student is MDE, of which Dr. Rice is the Superintendent. Each of these entities is defined in the CFRs at 34 CFR 300.28, 12, and 41 respectively. The due process complaint may only be filed by the parent against the LEA that is responsible for providing the identification, evaluation, educational placement, or provision of FAPE to the Student. While this could possibly be an ESA or the SEA if those entities have taken on those responsibilities[3], that is not the case here as the Petitioner has not alleged either entity is responsible for providing direct services to the Student.

Petitioner alleges that the regional and state Respondents knew or should have known that KPS was failing the Student and failed to properly supervise KPS' provision of FAPE to the Student. Even if true, however, this does not provide jurisdiction for this tribunal to hear claims against those entities. Petitioner alleges that the regional and state Respondents "are ultimately responsible for ensuring that students receive a FAPE." However, this is incorrect: that responsibility lies completely and totally with the LEA.

Petitioner cites to *DR v MDE* (2017) for the proposition that an entity other than the LEA can be responsible for providing FAPE to a Student. This, however, is in the context of a federal court's jurisdiction, not the administrative tribunal's jurisdiction. Indeed, that very same case makes the argument that administrative remedies against MDE would

---

[3] Severely disabled students are often educated directly by ESAs. MDE operates at least one direct service program for students: the Michigan School for the Deaf.

PLAINTIFFS 00002665

be futile and inappropriate in a due process hearing and therefore exhaustion was not required. Similarly, the other primary case cited by Petitioner, *Brooke M v State of Alaska DEED*, 293 F Appx 452 (9th Cir 2008) deals with a failure to appeal a state complaint finding adverse to a primary service provider in a due process hearing; that is not the case here. *Brooke M* does not stand for the proposition that SEAs and ISDs are liable for the alleged misdeeds of their constituent ISDs and school districts.

To the extent that the Petitioner's Due Process Complaint in this matter challenges the manner and decision of MDE's State Complaint investigation or any supervision of the LEA by MDE or KRESA, this is outside the scope of this Due Process Hearing and outside the scope of this Tribunal's jurisdiction. Therefore, Respondent MDE's and KREA's Motions for Summary Disposition are granted.

<u>Petitioner's claims sounding outside of IDEA are outside the jurisdiction of this tribunal and are dismissed with prejudice.</u>

In Michigan, only issues within the framework of IDEA are within the jurisdiction of a due process hearing and this tribunal. So-called Section 504 and Americans with Disability (ADA) claims are outside the scope of the limited jurisdiction of due process hearings in Michigan. Although Michigan is in the minority in this approach, this has been the approach adopted. Petitioner's cited unpublished case from the 6th Circuit is not controlling and only requires exhaustion, not a full hearing on the issues. Until MDE or a court of competent jurisdiction orders in a published opinion otherwise, only claims sounding within IDEA are within the tribunal's jurisdiction.

Petitioner's claims for damages under any theory or statute other than IDEA are dismissed with prejudice.

<u>Petitioner's claims prior to February 11, 2020, are outside the statute of limitations and are dismissed with prejudice.</u>

A due process hearing must be filed within two years "of the date the parent [or Student] … knew or should have known about the alleged action that forms the basis of the complaint." 20 USC 1415(f)(3)(C) and 34 CFR 300.507(a)(2). There are two exceptions under 34 CFR 300.511(f): misrepresentation and withholding required information. Neither exception is pled by the Petitioner here. Petitioner's claims are essentially a failure to provide necessary services.

Here there was never a misrepresentation on the part of the Respondent. Respondent never made any objectively false statements. Neither is this alleged in the Petitioner's Due Process Complaint. Only when the school misrepresents a fact (i.e. falsely indicating that an evaluation has been done or falsifying an evaluation test score) or

PLAINTIFFS 00002666

22-004118
Page 6

proffers an opinion that it knows (or should reasonably know) is false does the misrepresentation exception toll the statute of limitations. In this case, the allegations against KPS center on a failure to provide comprehensive evaluations and services by trained and knowledgeable personnel. This is neither a misrepresentation nor a withholding of information. Respondent KPS cannot withhold information that they have not, by Petitioner's own assertions, collected.

Petitioner's claims before February 11, 2020, are dismissed with prejudice.

<u>Respondent KPS is responsible for providing the Student a FAPE and is entitled to any compensatory education if there was a failure to provide FAPE after February 11, 2020.</u>

Each of the issues enumerated in the Order Following Prehearing Conference are within the jurisdiction of the tribunal. Those issues will be adjudicated at the hearing.

## ORDER

**NOW, IT IS ORDERED that** Respondent MDE's Motion for Summary Disposition is **GRANTED;** Respondent MDE is dismissed with prejudice.

**NOW, IT IS FURTHER ORDERED that** Respondent Dr. Rice's Motion for Summary Disposition is **GRANTED;** Respondent Dr. Michael Rice in his official capacity as State Superintendent is dismissed with prejudice.

**NOW, IT IS FURTHER ORDERED that** Respondent KRESA's Motion for Summary Disposition is **GRANTED;** Respondent Kalamazoo Regional Educational Service Agency is dismissed with prejudice.

**NOW, IT IS FURTHER ORDERED that** Respondent KPS' Motion for Summary Disposition is **GRANTED IN PART.** Only those claims relating to IDEA after February 11, 2020, will be adjudicated.

PLAINTIFFS 00002667