# EXHIBIT 65

STATE OF MICHIGAN
MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES

IN THE MATTER OF:

N.S. o/b/o K.S.F.,
    Petitioner

v

Kalamazoo Public Schools, Kalamazoo RESA, et al,
    Respondent

_____ /

Docket No.: 22-004868

Case No.: DP-22-0017

Agency: Education

Case Type: ED Sp Ed Regular

Filing Type: Appeal

Issued and entered
this 6th day of April 2022
by: Lindsay Wilson
Administrative Law Judge

## DECISION AND ORDER
## GRANTING STATE RESPONDENTS' MOTION FOR SUMMARY DISPOSITION

### PROCEDURAL BACKGROUND

On February 18, 2022, Attorneys Jacquelyn Babinski and Elizabeth K. Abdnour, on behalf of K.S.F. (Petitioner/Student) filed a Due Process Hearing Request under the Individuals with Disabilities Education Act (IDEA), 25 United States Code (USC) 1400 *et seq.* with the Michigan Department of Education (MDE). This Due Process Complaint was forwarded to the Michigan Office of Administrative Hearings and Rules (MOAHR) for hearing and was assigned to Administrative Law Judge (ALJ) Lindsay Wilson.

On February 28, 2022, the undersigned Administrative Law Judge (ALJ) issued an Order Scheduling Prehearing Conference for March 8, 2022.

On February 28, 2022, Assistant Attorney General (AAG) Toni L. Harris, on behalf of Respondents MDE and Dr. Michael Rice, in his official capacity as State Superintendent of Public Instruction, (hereinafter State Respondents) filed a Motion for Summary Disposition and Brief in Support (Motion), including exhibits.

On March 7, 2022, Petitioner filed an Unopposed Motion for Extension of Time to File Response to Motion for Summary Disposition.

PLAINTIFFS 00003277

**22-004868**
**Page 2**

On March 7, 2022, the undersigned ALJ issued an Order Granting Petitioner's Unopposed Motion for Extension of Time to File Response to State Respondents' Motion for Summary Disposition, which extended the deadline for a response to March 15, 2022.

On March 8, 2022, the telephone prehearing conference commenced, but did not conclude. On March 8, 2022, the undersigned issued an Ordering Continuing Prehearing Conference, stating that the prehearing conference would be continued to March 15, 2022.

On March 15, 2022, the telephone prehearing conference commenced and concluded.

On March 15, 2022, Petitioner filed its Brief in Response to State Respondents' Motion for Summary Disposition (Response).

Neither party requested oral argument pursuant to Mich Admin Code R 792.10115.

On March 17, 2022, the undersigned issued an Order Following Prehearing Conference and Notice of Hearing, which indicated the following: i.) issues for the hearing were identified and clarified; ii.) the allegations from Petitioner's Complaint regarding violations of Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, and Michigan's Persons with Disabilities Civil Rights Act, were dismissed for lack of jurisdiction; and iii.) the hearing was scheduled for the week of June 27, 2022 through July 1, 2022.

On March 22, 2022, Respondents MDE filed a Notice of Recent Decision and Order Relevant to State Respondents' Motion for Summary Disposition.

## ISSUE

Should State Respondents, MDE and Dr. Michael Rice, be dismissed as parties to this Due Process Complaint/Due Process Hearing?

## APPLICABLE LAW

MCL 24.272(3) states that:

> The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact.

PLAINTIFFS 00003278

22-004868
Page 5

**DISCUSSION**

Petitioner's February 18, 2022 Complaint alleges that Respondents violated the IDEA. The substance of the complaint is whether the Respondents failed to provide the Student a free appropriate public education (FAPE) by failing to provide the Student with "comprehensive evaluations to accurately identify her present levels of academic and functional performance." [Complaint, ¶ 3]. Petitioner's Complaint further alleges that State Respondents:

> . . . [f]ailed to monitor and supervise the provision of educational services and equal educational opportunity to Student; to ensure compliance by the Districts with all relevant State and Federal laws in the provision of those educational services; to administer an effective complaint resolution process; and to provide appropriate technical assistance to the Districts to ensure Students is afforded FAPE and an educational opportunity without discrimination. [Complaint, ¶ 3].

A. *State Respondents' Position*

State Respondents' argue this Tribunal lacks jurisdiction to decide the claims asserted by Petitioner and grant the relief requested against State Respondents. Specifically, State Respondents argue that the Tribunal lacks jurisdiction to decide challenges to MDE's state complaint decision, to State Respondents' oversight and monitoring functions, as well as lacks jurisdiction over Petitioner's discrimination claims. [Motion, p 4]. State Respondents agree that this Tribunal has authority to decide issues regarding the provision of a free and appropriate public education (FAPE), but not for reviewing the manner, timing, or effectiveness of a state complaint decision or how well state officials perform their oversight responsibilities. Furthermore, State Respondents argue they are not the proper parties to the proceeding as MDE does not provide education services directly to Petitioner or the students in the District(s). [Id.] Finally, State Respondents argue the Complaint fails to state a claim on which relief can be granted against State Respondents, and that Petitioner's claims that are outside the applicable statute of limitations are time-barred. [Id.]

Thus, State Respondents' move for summary disposition on the grounds that this Tribunal lacks jurisdiction and Petitioner failed to state a claim on which relief can be granted. [Motion, p 5].

B. *Petitioner's Position*

Petitioner argues that State Respondents failed to ensure that Kalamazoo Public

PLAINTIFFS 00003281

22-004868
Page 6

Schools, which is the Local Education Agency (LEA), conducted comprehensive educational evaluations for Student, thereby resulting in denial of FAPE. [Response, p 1]. As the State Educational Agency (SEA), Petitioner argues the State Respondents have the ultimate responsibility to ensure that each child within the state receives a FAPE. [Id.] Petitioner further argues that "State Respondents were aware of the LEA's violations of the IDEA, had an obligation to ensure the LEA corrected the violations, and failed to ensure that correction took place, which led to the LEA's deprivation of FAPE in this case." [Id.]

Petitioner maintains that State Respondents were on notice that the LEA violated the IDEA because State Respondents investigated numerous complaints against the LEA related to this issue. [Response, pp 1, 5]. Furthermore, Petitioner states that State Respondents were on notice that the current operating district, Comstock Public Schools (CPS), had violated the IDEA by failing to review and revise the IEP for Petitioner. Petitioner also states that State Respondents had a duty to monitor and supervise all LEAs and that once on notice the LEAs were unable to provide FAPE, the State Respondents' responsibility to ensure FAPE was triggered and that they failed to ensure Petitioner/Student received a FAPE. [Response, pp 2, 5].

Petitioner concedes this Tribunal has historically deemed State Respondents out of the scope of its jurisdiction in cases where the SEA was not the acting LEA and providing direct services; however, Petitioner still urges this Tribunal to take jurisdiction. Petitioner also concedes that the facts in this case are focused on the District(s), but indicate they are relevant to the State Respondents' Motion because State Respondents were investigating the Districts, issuing final decisions, finding the Districts out of compliance, and should have been working to ensure compliance. [Response, p 5].

Petitioners argue that State Respondents are ultimately responsible for ensuring a student receives a FAPE and thus this Tribunal should assert jurisdiction over State Respondents.

> C. State Respondents, MDE and Dr. Rice, are not proper parties to this action and must be dismissed with prejudice

A motion for summary disposition may grant relief to the moving party as a matter of law if the tribunal lacks subject matter jurisdiction and/or where there has been a failure to state a claim on which relief can be granted. Motions for summary disposition are analyzed with the same standards as motions filed under Michigan Court Rule 2.116. *Cross v Grosse Pointe Pub Schools* (STC 12-14). The proper standard for a motion under the equivalent court rule, MCR 2.116(C)(8) is not dependent on the particular facts of a case, but rather tests the legal sufficiency of the pleadings. *Lane v Kindercare Learning Ctrs*, 231 Mich App 689 (1998) and *People v Lown*, 448 Mich 242 (2011).

PLAINTIFFS 00003282

22-004868
Page 7

The Code of Federal Regulations provides that a SEA must adopt written procedures for resolving state complaints, 34 CFR 300.151 *et seq*. Pursuant to the Code of Federal Regulations, the MDE has enacted written procedures resolving a complaint( Michigan Administrative Code R 340.1851 *et seq*.) The procedures specifically provide that MDE may independently initiate and investigate a state complaint. (R 340.1853(1)).

A due process hearing may address any issues "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child." 34 CFR 300.507(a). The MARSE similarly lists issues that may be the subject matter of a special education due process hearing including educational placement and provision of a FAPE. (See MARSE R 340.1724f(2)).

Petitioner's Due Process Complaint seeks the undersigned ALJ to provide compensatory education and compensatory related services as well as several equitable remedies against State Respondents. As noted above, Petitioner alleges that State Respondents had the obligation to ensure that the LEA corrected its violations and to ensure they were providing a FAPE to the Student. Petitioner's Response makes no assertion that any entity or person(s) other than KPS (Kalamazoo Public Schools) as the LEA was required to provide any direct service to the Petitioner/Student.

The Administrative Law Judge and this Tribunal is limited to resolving due process complaints filed pursuant to IDEA, *supra*, and the implementing regulations. There is nothing in the IDEA or the implementing regulations that provide authority for this Tribunal to hear disputes regarding the manner in which the State Respondents supervise LEAs or the authority to challenge State Respondents conduct as an investigatory or supervisory authority.

Under the IDEA, the LEA is defined as

> [A] public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary schools or secondary schools in a city, county, township, school district, or other political subdivision of a State, or for a combination of school districts or counties as are recognized in a State as an administrative agency for its public elementary schools or secondary schools. (34 CFR 300.28(a)).

The LEA is contrasted with the Educational Service Agency (ESA) and the SEA. The ESA is defined in part as a "regional public multiservice agency" which "includes any other public instruction or agency having administrative control and direction over a public elementary school or secondary school." (See 34 CFR 300.12). The SEA is

PLAINTIFFS 00003283

22-004868
Page 8

defined as "the State board of education or other agency or officer primarily responsible for the State supervision of public elementary schools and secondary schools . . ." (See 34 CFR 300.41). As indicated above, the SEA in this matter is the State Respondents.

The due process complaint may only be filed by the parent against the public agency that is responsible for providing the identification, evaluation, educational placement, or provision of FAPE to the Student. (See 34 CFR 300.507 and 300.508). While this could potentially include an ESA or the SEA, if those entities have taken on those responsibilities, that is not the case here as the Petitioner has not alleged either entity is responsible for providing direct services to the student. (See 34 CFR 300.33). Thus, the undersigned ALJ finds that this Tribunal lacks jurisdiction over State Respondents.

Next, Petitioner alleges that State Respondents knew or should have known that KPS was failing the Student and failed to properly supervise KPS' provision of FAPE to the Student. Assuming these assertions are true, this does not provide jurisdiction for this tribunal to hear claims against those entities. Petitioner alleges that State Respondents "are ultimately responsible for ensuring that students receive a FAPE." The undersigned ALJ, however, disagrees. Rather, it is the responsibility of the LEA, in this case KPS, who has the responsibility to provide a FAPE.

Petitioner also cites to *D.R. v MDE* (2017) WL 4348818, stating that the SEA may be held liable for failing to ensure the provision of FAPE. (citing *Pachl v Seagren*, 453 F.3d 1064, 1070 (8th Cir. 2006)). This finding, however, is in the context of a federal court's jurisdiction and not in the context of this Tribunal's jurisdiction.

Petitioners also argue they are required to file a due process complaint against the SEA to exhaust. [Response, p 8]. In support, Petitioner cites to *LL v Tenn Dep't of Educ*, 2019 WL 653079 (MD Tenn Feb 15, 2019), stating that the two children who alleged the SEA failed to ensure mainstreaming were required to file a due process action and exhaust before an administrative tribunal. [*Id.* at *7]. However, in *L.L.*, it was noted that courts, "have recognized that the IDEA does not require administrative exhaustion "when it would be futile or inadequate to protect the plaintiff's rights."" *Donoho ex rel. Kemp v. Smith Cty. Bd. of Educ.*, 21 F. App'x 293, 297 (6th Cir. 2001) (quoting *Covington v. Knox Cty. Sch. Sys.*, 205 F.3d 912, 917 (6th Cir. 2000). One of the situations in which exhaustion is often found to have been futile or inadequate is when a plaintiff was denied a FAPE due to a systemic problem that would need to be resolved by policymakers, not merely through the administrative complaint process. *See D.R. v. Mich. Dep't of Educ.*, No. 16-13694, 2017 WL 4348818, at *3 (E.D. Mich. Sept. 29, 2017). *L.L. v. Tenn. Dep't of Educ.*, Case No. 3:18-cv-00754, 13 (M.D. Tenn. Feb. 15, 2019).

PLAINTIFFS 00003284

22-004868
Page 9

Petitioner also cites to *Brooke M v State of Alaska DEED*, 293 F Appx 452 (9th Cir 2008), which found that a failure to supervise by the Alaska Department of Education is an appropriate claim under 20 USC §§ 1412(a)(11)(A) and 1413(g), but it must be brought before a due process hearing tribunal. *Brooke M*, however, does not state or suggest that SEAs are liable for the alleged misdeeds of their constituent ISDs and school districts. Thus, Petitioner's argument that they are required to file a due process complaint in an administrative tribunal against State Respondents to exhaust is not persuasive.

To the extent that Petitioner's Due Process Complaint in this matter challenges the manner of supervision and monitoring of the LEA by State Respondents, this is outside the scope of this Due Process Hearing and outside the scope of this Tribunal's jurisdiction. Therefore, State Respondents and Motion for Summary Disposition is granted.

As it pertains to the claims related to Section 504, Title II of the ADA, and PDCRA, those claims were addressed at the March 15, 2022 prehearing conference and have already been dismissed with prejudice in the Order Following Prehearing Conference dated March 17, 2022. As such, no further discussion on those claims is required.

## ORDER

**NOW, IT IS ORDERED that** State Respondents', MDE and Dr. Rice's, Motion for Summary Disposition is **GRANTED** and State Respondents are therefore dismissed from this matter with prejudice.

_Lindsay Wilson_
**Lindsay Wilson**
**Administrative Law Judge**

PLAINTIFFS 00003285