# EXHIBIT 66

**STATE OF MICHIGAN**
**MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES**

| | |
|---|---|
| IN THE MATTER OF: | Docket No.: 22-004868 |
| N.F. o/b/o K.S.F., | Case No.: DP-22-0017 |
|     Petitioner | Agency: Education |
| v | Case Type: ED Sp Ed Regular |
| Kalamazoo Public Schools, Kalamazoo RESA, et al, | Filing Type: Appeal |
|     Respondents | |
| _____/ | |

**Issued and entered**
**this 15th day of April 2022**
**by: Lindsay Wilson**
**Administrative Law Judge**

**DECISION AND ORDER**
**REGARDING KRESA, KALAMAZOO PUBLIC SCHOOLS, COMSTOCK PUBLIC SCHOOLS MOTION TO DISMISS**

**PROCEDURAL BACKGROUND**

On or about February 18, 2022, Attorneys Jacquelyn Babinski and Elizabeth K. Abdnour, on behalf of K.S.F. (Petitioner/Student) filed a Due Process Hearing Request under the Individuals with Disabilities Education Act (IDEA), 25 United States Code (USC) 1400 *et seq*. with the Michigan Department of Education (MDE). This Due Process Complaint was forwarded to the Michigan Office of Administrative Hearings and Rules (MOAHR) for hearing and was assigned to Administrative Law Judge (ALJ) Lindsay Wilson.

On February 28, 2022, the undersigned ALJ issued an Order Scheduling Prehearing Conference for March 8, 2022.

On March 8, 2022, the telephone prehearing conference commenced, but did not conclude. The undersigned issued an Ordering Continuing Prehearing Conference on March 8, 2022, stating that the prehearing conference would be continued to March 15, 2022.

22-004868
Page 2

On March 15, 2022, the telephone prehearing conference commenced and concluded.

On March 17, 2022, the undersigned issued an Order Following Prehearing Conference (Order), which included the following: (i) clarification of the issues for the hearing; (ii) any dispositive motions that can be reasonably anticipated shall be filed no later than March 22, 2022; (iii) responses to dispositive motions shall be filed no later than March 29, 2022; and (iv) scheduled the hearing for June 27, 2022 through July 1, 2022.

On March 22, 2022, Respondents Kalamazoo Public Schools (KPS), Comstock Public Schools (CPS), and Kalamazoo Regional Educational Service Agency (KRESA) (collectively "School Respondents") filed a Motion to Dismiss.

On March 29, 2022, Petitioner filed a Brief in Response to School Respondents' Motion for Summary Disposition.

Neither party requested oral argument pursuant to Mich Admin Code R 792.10115.

## ISSUES

Should Respondents KRESA and/or KPS be dismissed as a party to this Due Process Complaint?

Should specific counts against remaining Respondent(s) be dismissed?

## APPLICABLE LAW

MCL 24.272(3) states that:

> The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact.

Neither IDEA, the Code of Federal Regulations, nor the Michigan Administrative Rules for Special Education (MARSE) provide any guidance regarding a Motion for Summary Disposition. However, the Michigan Administrative Hearing System Rules provide the framework for a motion for summary disposition.

Mich Admin Code R 792.10129, Rule 129, provides, in pertinent part:

> (1) A party may make a motion for summary disposition of all or part of a proceeding. When an administrative law judge does not have final decision authority, he or she may issue a proposal for decision

PLAINTIFFS 00009101

22-004868
Page 3

>granting summary disposition on all or part of a proceeding if he or she determines that that any of the following exists:
>
>(a) There is no genuine issue of material fact.
>
>(b) There is a failure to state a claim for which relief may be granted.
>
>(c) There is a lack of jurisdiction or standing.
>
>(2) If the administrative law judge has final decision authority, he or she may determine the motion for summary decision without first issuing a proposal for decision.
>
>(3) If the motion for summary disposition is denied, or if the decision on the motion does not dispose of the entire action, then the action shall proceed to hearing.
>
>Mich Admin Code R 792.10129.

Rule 129(1)(a) tracks the basis for summary disposition under Michigan Court Rule (MCR) 2.116(C)(10).  Under that court rule, summary disposition is available when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."  MCR 2.116(C)(10); *see also Coblentz v City of Novi,* 475 Mich 558; 719 NW2d 73 (2006); *Haliw v City of Sterling Heights,* 464 Mich 297; 627 NW2d 581 (2001); *Veenstra v Washtenaw Country Club,* 466 Mich 155; 645 NW2d 643 (2000).

"'A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.'"  *Attorney General v PowerPick Player's Club of Michigan, LLC,* 287 Mich App 13, 26-27; 783 NW2d 515 (2010) (quoting *West v Gen. Motors Corp.,* 469 Mich 177, 183; 665 NW2d 468 (2003)).

A material fact has been defined as an "ultimate fact issue upon which a jury's verdict must be based."  *Estate of Neal v Friendship Manor Nursing Home,* 113 Mich App 759, 763, 318 NW2d 594 (1982).  In other words, "[t]he disputed factual issue must be material to the dispositive legal claim[s]."  *Auto Club Ins Ass'n v State Auto Mut Ins* Co, 258 Mich App 328, 333; 671 NW2d 132 (2003).

The Michigan Court Rule 2.116 provides in relevant part:

>(B) Motion.

PLAINTIFFS 00009102

22-004868
Page 4

> (1) A party may move for dismissal of or judgment on all or part of a claim in accordance with this rule. A party against whom a defense is asserted may move under this rule for summary disposition of the defense.
>
> * * *
>
> (C) Grounds. The motion may be based on one or more of these grounds, and must specify the grounds on which it is based.
> * * *
>> (4) The court lacks jurisdiction of the subject matter.
>> * * *
>> (8) The opposing party has failed to state a claim on which relief can be granted.

In reviewing a motion brought under MCR 2.116(C)(10), the court must consider the pleadings, affidavits, depositions, admissions, and any other admissible evidence in favor of the nonmoving party. MCR 2.116(G)(5); *Maiden v Rozwood,* 461 Mich 109, 12; 597 NW2d 817 (1999); *Radtke v Everett,* 442 Mich 368, 374; 501 NW2d 155 (1993); *Miller v Farm Bureau Mut Ins* Co, 218 Mich App 221, 233; 553 NW2d 371 (1996). Affidavits or other documentation submitted in support of or in opposition to a motion for summary disposition under MCR 2.116(C)(10) must contain admissible evidence. MCR 2.116(G)(6); *Maiden,* 461 Mich at 121.

Granting the nonmoving party the benefit of any reasonable doubt regarding material facts, the court must then determine whether a factual dispute exists to warrant a trial. *Bertrand v Alan Ford, Inc,* 449 Mich 606, 617-618; 537 NW2d 185 (1995); *Radtke,* 442 Mich at 374. If there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *See Quinto v Cross & Peters* Co, 451 Mich 358, 363; 547 NW2d 314 (1996) (plaintiff failed to present evidence on which reasonable person could find that hostile work environment existed; summary disposition proper).

**DISCUSSION**

Petitioner's Due Process Complaint alleges that Respondents failed to provide Petitioner a free appropriate public education (FAPE) by failing to provide Petitioner with "comprehensive evaluations to accurately identify her present levels of academic and functional performance." [Complaint, ¶ 3]. Petitioner's Complaint further alleges that School Respondents:

> . . . [f]ailed to subsequently develop an education plan and provide services reasonably calculated to allow [Petitioner] to access the general educational curriculum and make appropriate progress in light of her unique circumstances, denying her FAPE. Moreover, the Respondents

PLAINTIFFS 00009103

22-004868
Page 5

> have failed to provide [Petitioner] with an equal educational opportunity and have discriminated against her on the basis of her disability, in violation of Section 504 and the ADA. [Complaint, ¶ 3].

### A. School Respondents' Position

School Respondents argue that Petitioner's complaint should be dismissed based on lack of subject matter jurisdiction and based on Petitioner's claims falling outside the statute of limitations. [Motion, p 2].

School Respondents further assert that this Tribunal does not have jurisdiction over claims or issues regarding Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act, or the Persons with Disabilities Civil Rights Act. Rather, Respondents argue, this Tribunal's jurisdiction is limited to due process complaints filed pursuant to the IDEA and its implementing regulations and the Michigan Administrative Rules for Special Education (MARSE). [Motion, p 3].

Next, School Respondents argue that KPS and KRESA are not proper parties to this action. Respondents assert that neither KRESA nor KPS are responsible for providing this eligible student a FAPE. Respondents maintain that responsibility belongs to the student's local district of residence, in this case CPS. [Motion, pp 3, 6-7].

Finally, School Respondents argue that Petitioner is time barred from raising claims that occurred prior to February 22, 2020, as the IDEA imposes a two-year period of limitations. Since Petitioner's due process complaint was received on February 22, 2022, School Respondents assert that Petitioner cannot allege violations that occurred prior to February 22, 2020. [Motion, pp 7-8].

### B. Petitioner's Position

First, Petitioner asserts that the allegations under Section 504, the Americans with Disabilities Act, and Persons with Disabilities Civil Rights Act were pled "to ensure those claims were exhausted either through the pleadings or through presenting evidence". [Response, p 1].

Petitioner further argues that KRESA denied Petitioner a free appropriate education (FAPE) for over twelve years because they failed to ensure that KPS conducted comprehensive educational evaluations initially and that CPS conducted comprehensive educational evaluations anytime Petitioner was not making progress academically or functionally. [Response, p 1]. Petitioner asserts that because KRESA is responsible for ensuring that local districts comply with IDEA, this Tribunal should assert jurisdiction over KRESA. [Response, pp 7, 11].

22-004868
Page 6

Finally, Petitioner maintains that KPS was the resident district up until the start of the 2019-2020 school year and that Petitioner filed her complaint within two years of the discovery of the violations by KPS. Petitioner further argues that the complaint was timely filed within two years of the discovery of the violations by CPS as well and that she should be compensated for the deprivation of her rights. [Response, pp 1-2].

> A. *This Tribunal does not have jurisdiction over claims involving Section 504, Title II of the Americans with Disabilities Act (ADA), or the Persons with Disabilities Civil Rights Act (PWDCRA)*

In her Response, Petitioner acknowledges this Tribunal has generally declined to exercise jurisdiction over issues outside the scope of the limited jurisdiction of due process hearings in Michigan. [Response, p 6]. Petitioner requests exhaustion be recognized in this matter through the pleadings.

Petitioner cites to *LG v Bd of Educ of Fayette County, Ky*, an unpublished case from the 6th Circuit Court, which found that a case filed solely under Section 504 could not proceed in federal court without first exhausting administrative procedures. [Response, p 7; See *LG v Bd of Educ of Fayette County, Ky*, 18-5715, 2019 WL 2419021 (6th Cir June 10, 2019]. This case, however, only requires exhaustion, not a full evidentiary hearing on the issues.

It is further noted that the issues and claims involving Section 504, the ADA, and the PWDCRA were addressed at the March 15, 2022 prehearing conference and have already been dismissed for lack of jurisdiction in the Order Following Prehearing Conference dated March 17, 2022.

> B. *KRESA is not a proper party to this action and must be dismissed with prejudice*

A motion for summary disposition may grant relief to the moving party as a matter of law if the tribunal lacks subject matter jurisdiction and/or where there has been a failure to state a claim on which relief can be granted. Motions for summary disposition are analyzed with the same standards as motions filed under Michigan Court Rule 2.116. *Cross v Grosse Pointe Pub Schools* (STC 12-14). The proper standard for a motion under the equivalent court rule, MCR 2.116(C)(8) is not dependent on the particular facts of a case, but rather tests the legal sufficiency of the pleadings. *Lane v Kindercare Learning Ctrs*, 231 Mich App 689 (1998) and *People v Lown*, 448 Mich 242 (2011).

A due process hearing may address any issues "relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child." 34 CFR 300.507(a). The MARSE similarly lists issues that may be the subject

PLAINTIFFS 00009105

22-004868
Page 7

matter of a special education due process hearing including educational placement and provision of a FAPE. (See MARSE R 340.1724f(2)).

Petitioner's Due Process Complaint seeks compensatory education and compensatory related services against School Respondents. As it relates to KRESA, Petitioner does not allege that KRESA was required to provide any direct service to the Petitioner/Student. Rather, Petitioner alleges that KRESA had the obligation to ensure that the Local Education Agency (LEA) corrected its violations and to ensure they were providing a FAPE to the Student. Petitioner argues KRESA failed to properly oversee KPS and CPS to ensure Petitioner was provided with a FAPE.

The Administrative Law Judge and this Tribunal is limited to resolving due process complaints filed pursuant to IDEA, *supra*, and the implementing regulations. There is nothing in the IDEA or the implementing regulations that provide authority for this Tribunal to hear disputes regarding the manner in which an intermediate school district (ISD) supervises LEAs.

School Respondents point out that a student's local district of residence is responsible for identifying students with disabilities, conducting evaluations, and providing special education programs and services. [Motion, p 4; See MCL 380.1751]. As stated in Section 1702 of the Revised School Code, an ISD provides special education programs and services only if directed to do so by the state board and if it is determined that the local school district is not providing those services in compliance with Section 1751. [See MCL 380.1702(3)]. As such, School Respondents argue that KRESA is not responsible for providing a FAPE.

Alternatively, Petitioner argues that IDEA, state law, the corresponding implementing regulations and practice have created a system where an ISD, such as KRESA, is responsible for ensuring a FAPE. [Response, p 10]. Petitioner maintains that KRESA was on notice of the violations by the LEAs because of the CPS service records for Petitioner and the role KRESA played in the 2019 and 2021 MDE complaint investigations against KPS and CPS, respectively. [Id.]. Petitioner argues that state law has by default placed the burden of IDEA compliance upon both LEAs and ISDs. [Response, p 11].

The due process complaint may only be filed by the parent against the public agency that is responsible for providing the identification, evaluation, educational placement, or provision of FAPE to the Student. [See 34 CFR 300.507 and 300.508]. While this could potentially include an ISD, if that entity has taken on those responsibilities[1], that is not the case here as the Petitioner has not alleged KRESA is responsible for providing direct services to the student.

---

[1] See MCL 380.1711.

PLAINTIFFS 00009106

**22-004868**
**Page 8**

While Petitioner alleges that Respondent KRESA knew or should have known that KPS and CPS were failing to properly supervise the provision of FAPE to Petitioner, this does not provide jurisdiction for this tribunal to hear claims against KRESA. In this case, it was not the responsibility of the ISD, but rather is the responsibility of the LEA who has the responsibility to provide a FAPE. [See MCL 380.1702].

To the extent that the Petitioner's Due Process Complaint in this matter challenges the supervision of the LEA by KRESA, this is outside the scope of this Due Process Hearing and outside the scope of this Tribunal's jurisdiction because Petitioner did not receive services from the ISD. Therefore, Respondent KRESA's motion for dismissal is granted.

> *C. Petitioner's claims prior to February 22, 2020, are outside the statute of limitations and are dismissed with prejudice. As such, KPS is not a proper party to this action and must be dismissed with prejudice*

Respondent Schools' motion requests that all claims that occurred prior to February 22, 2020 should be dismissed because they occurred outside of the two-year statute of limitations. On the other hand, Petitioner contends her complaint was filed within two years of the discovery of the injury by KPS and CPS and thus was timely.

Section 1415(f)(3)(C) provides in pertinent part, "[a] parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint . . ." 20 U.S.C. 1415(f)(3)(C).

IDEA does provide for two exceptions to this timeline as follows:

> (D) Exceptions to the timeline
>
> The timeline described in subparagraph (C) shall not apply to a parent if the parent was prevented from requesting the hearing due to—
>
>> (i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or
>>
>> (ii) the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent.
>
> 20 USC 1415(f)(3)(D)(i) and (ii).

PLAINTIFFS 00009107

22-004868
Page 9

Here, Petitioner did not allege that KPS or CPS engaged in "specific misrepresentations that it had resolved the problem forming the basis of the complaint". Petitioner does assert that Petitioner had "limited information because KPS failed to perform the necessary and legally required evaluations to determine appropriate supports and services for [Petitioner] for years." [Response, p 14]. However, Petitioner does not assert that Respondent KPS withheld information, but rather asserts KPS did not collect the necessary information. Thus, it cannot be said that KPS withheld information that it never actually obtained.

Next, School Respondents argue that any alleged violations that occurred prior to February 22, 2020, should be rejected given that Petitioner, through an advocate, filed state complaints in October 2019 and on January 27, 2021. [Motion, p 9]. As such, Respondents argue that Petitioner knew about these alleged issues with KPS and CPS and "cannot now plead ignorance of the alleged harm which served as the basis of the State Complaints". [Id.]

Petitioner acknowledges that her advocate did file an MDE complaint in 2019 and 2021, but argues that Petitioner should not be "held responsible for understanding her own limitations from a professional pedagogical or psychological perspective." [Response, p 12]. Petitioner argues that she timely filed her complaint within two years of the discovery of the injury by KPS and thus should be compensated. Petitioner also maintains that her state complaint against KPS was solely for its failure to evaluate Petitioner before transferring her to the alternative high school. [Response, pp 4-5].

Petitioner further states that School Respondents' failures continued into the two-year window. Petitioner argues that she had no way of knowing that KPS, CPS and KRESA would continue to fail her throughout her educational career. However, regardless of whether Petitioner knew that the alleged violations would continue, the statute clearly requires a due process hearing request to be filed within two years of the date Petitioner knew or should have known about the alleged action that forms the basis of the complaint. For this Due Process Complaint to be timely against KPS, Petitioner would have been required to file it by October 2021. Petitioner did not file this Due Process Complaint until February 22, 2022, which is not within two years of her discovery of the alleged action forming the basis of this complaint.

Petitioner also acknowledges that KPS does not have an ongoing obligation to provide special education services to Petitioner as she is currently enrolled in CPS. Petitioner argues that KPS does have the duty to compensate her for the lack of appropriate educational supports and services for the 10 years during which she was a student with a disability. While this may have been true had the complaint been filed timely, that was not the case here.

PLAINTIFFS 00009108

22-004868
Page 10

It is noted that Respondent CPS is responsible for providing Petitioner a FAPE and Petitioner is entitled to any compensatory education if there was a failure to provide FAPE after February 22, 2020.

Each of the issues enumerated in the March 17, 2022 Order Following Prehearing Conference are within the jurisdiction of the tribunal. Those issues will be adjudicated at the hearing.

## ORDER

**NOW, IT IS FURTHER ORDERED that** School Respondents' Motion to Dismiss KRESA as a party is **GRANTED**.

**NOW, IT IS FURTHER ORDERED that** School Respondents' Motion to Dismiss KPS as a party is **GRANTED**.

**NOW, IT IS FURTHER ORDERED that** Respondents' Motion for Summary Disposition is **GRANTED IN PART.** Only those claims relating to IDEA after February 22, 2020, will be adjudicated.

**NOW, IT IS FURTHER ORDERED that** the only issues to be adjudicated at the due process hearing will be as follows:

   a. Whether Respondent Comstock Public Schools violated the Child Find mandate of the IDEA by failing to identify, locate, and/or evaluate Student for a disability?

   b. Whether Respondent Comstock Public Schools violated the IDEA provisions requiring comprehensive educational evaluations?

_____
**Lindsay Wilson**
**Administrative Law Judge**

PLAINTIFFS 00009109

22-004868
Page 11

## PROOF OF SERVICE

I certify that I served a copy of the foregoing document upon all parties and/or attorneys, to their last-known addresses via electronic delivery, this 15th day of April 2022.

*C. Gibson*

C. Gibson
**Michigan Office of Administrative Hearings and Rules**

Bethanie Eggleston
Michigan Department of Education
P.O. Box 30008
Lansing, MI 48933
EgglestonB1@michigan.gov

Comstock Public Schools
c/o Brian Deller, Director of Special Education
3010 Gull Rd.
Kalamazoo, MI 49048
Brian.deller@comstockps.org

Elizabeth K. Abdnour
Elizabeth Abdnour Law
1100 W. Saginaw St.
Suite 4A-2
Lansing, MI 48915
Elizabeth@abdnour.com

Jacquelyn Babinski
MI AECRES
PO Box 705
Ludington, MI 49431
jbabinski@miaecres.org

Jessica Wisuri
Department of Education
PO Box 30008
Lansing, MI 48933
Wisurij@michigan.gov

PLAINTIFFS 00009110

**22-004868**
**Page 12**

Kalamazoo Public Schools
Reuquiyah Saunders
Director of Special Education
1220 Howard Street
Kalamazoo, MI 49008
Saundersrt@kalamazoopublicschools.net

Kalamazoo RESA
c/o David Campbell, Superintendent
1819 E. Milham Rd
Portage, MI 49002
dcampbell@kresa.org

Michigan Department of Education
c/o Dr. Michael Rice, State Superintendent
P.O. Box 30008
Lansing, MI 48933
MDE-Superintendent/Appeals@michigan.gov



Precious Boone
Michigan Department of Education
P.O. Box 30008
Lansing, MI 48933
Boonep4@michigan.gov

Toni Harris
Michigan Attorney General
Health, Education & Family Services Div.
PO Box 30664
Lansing, MI 48909
HarrisT19@michigan.gov

PLAINTIFFS 00009111