# EXHIBIT 81



# STATE OF MICHIGAN

# MICHIGAN OFFICE OF ADMINISTRATIVE HEARINGS AND RULES

| | |
|---|---|
| In the matter of:<br><br>**Donquarion Lewis,**<br><br>      Petitioner,<br><br>v.<br><br>**Kalamazoo Public Schools,**<br><br>      Respondent. | Docket No.: 21-027515<br><br>Case No.: DP-21-0038<br><br>Agency: Department of Education<br><br>Case Type: Ed. Sp. Ed. Regular<br><br>Filing Type: Appeal<br><br>ALJ: Michael St. John<br><br>**MOTION FOR RECONSIDERATION AND/OR CLARIFICATION** |

Erin H. Diaz (P80388)
Mitchell D. Sickon (P82407)
DISABILITY RIGHTS MICHIGAN
4095 Legacy Parkway
Lansing, MI 48911-4263
(517) 487-1755
ediaz@drmich.org
msickon@drmich.org

Elizabeth K. Abdnour (P78203)
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw Street, Suite 4A-2
Lansing, MI 48915
(517) 292-0067
elizabeth@abdnour.com

Jacquelyn Babinski (P83575)
MI AECRES
(231) 794-2379
jbabinski@miaecres.org
www.miaecres.org

*Attorneys for Petitioner*

Jordan M. Bullinger (P72441)
CLARK HILL, PLC
Attorneys for Respondent, Kalamazoo Public Schools
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1146
jbullinger@clarkhill.com

PLAINTIFFS 00004649

# PETITIONER'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION AND BRIEF IN SUPPORT

On December 20, 2021, a Decision and Order (Decision) was issued concerning several pending motions. Petitioner hereby submits this Motion for Reconsideration and/or Clarification and Brief in Support seeking clarification regarding the Decision's ruling concerning the statute of limitations, Donquarion's claims going back to 2012, and evidence to be presented at the currently scheduled hearing. *See* Mich. Admin. R 792.10135. Petitioner filed a Due Process Complaint (Complaint) on October 22, 2021. Respondent Kalamazoo Public Schools (KPS) filed a Motion to Dismiss (MTD) on November 1, 2021. Petitioner filed a Response to KPS's Motion to Dismiss (MTD Response) on November 8, 2021, and KPS filed a Reply on November 15, 2021. All the above-mentioned filings addressed the statute of limitations for bringing claims under the Individuals with Disabilities Education Act (IDEA). The Decision is final regarding these several pending motions.

Plaintiff claims the Decision contains a material error—if evidence will not be allowed on Plaintiff's claims going back to 2012, there will not be sufficient evidence on record to support a remedy that is also sufficient to place Donquarion "in the same position that [he] would have occupied but for [KPS]'s IDEA violations." *Somberg obo Somberg v Utica Community Schs*, 908 F3d 162, 176 (affirming the 6th Circuit's adoption of the "D.C. Circuit's qualitative approach" to compensatory education) (citing *Reid ex rel Reid v DC* 401 F3d 516, 524 (DC Cir 2005)). If evidence will be allowed going back to 2012, Petitioner requests clarification from this Tribunal confirming such a scope of evidence for the coming hearing.

PLAINTIFFS 00004650

## ARGUMENT

Donquarion's Complaint clearly articulates claims against KPS that reach back to 2012, when KPS initially failed to conduct comprehensive educational evaluations. *See* Complaint, ¶¶ 2, 4, 18-21, 24, 30, 33. After a brief review of the IDEA framework concerning statute of limitations and exceptions to that framework, the Decision states that "Petitioner's claims before October 22, 2019 are dismissed with prejudice." Donquarion does not argue that any exceptions apply to the timeliness of the filing his Complaint. However, Donquarion does maintain that his Complaint, which was timely filed, contains ongoing claims requiring the submission of evidence going back to 2012.

Affirming the importance of initial evaluations, the Decision correctly points out that "the obligation to conduct an initial evaluation is an ongoing one and was just as applicable on October 22, 2019 as it was in 2012." The Decision is also correct in surmising that "Respondent KPS cannot withhold information [concerning its failure to provide comprehensive evaluations and services by trained and knowledgeable personnel] that they have not . . . collected." However, KPS's failures, going back to 2012, as newly discovered, ongoing violations of IDEA, *still affect* the calculation of a remedy sufficient to place Donquarion "in the same position that [he] would have occupied but for [KPS]'s IDEA violations." *Somberg*, 908 F3d at 176. Evidence going back to 2012 is relevant and necessary, and its exclusion would be material error. Further, Congressional authority supports the inclusion of Donquarion's claims of *ongoing* violations of IDEA, even if those claims predate October 22, 2019.

To the extent dismissing his claims prior to October 22, 2019 precludes the entrance of evidence going back to 2012, Donquarion requests that the ALJ reconsider and issue an order allowing his claims against KPS going back to 2012. In the alternative, should this Tribunal be

2

presuming that evidence will be entered going back to 2012 for at least the first issue—"Did the Respondent fail to conduct initial and follow-up comprehensive evaluations including cognitive functioning, behavioral, and transition assessments?"—considering his affirmation of KPS's evaluation obligation as "ongoing," Donquarion requests that this Tribunal confirm this understanding of the scope of evidence for the upcoming hearing in a new order.

### Donquarion's Claims of Ongoing FAPE Violations Are Timely Brought

Donquarion and KPS have entered arguments on the issue of IDEA's statute of limitations. Donquarion maintains that IDEA's statute of limitations "goes only to the filing of the complaint, not the crafting of remedy" and remedies ought to be crafted to redress the entire period of FAPE deprivation. *See* Complaint ¶ 16, fn 1 (citing 150 Cong. Rec. S11851 (daily ed. Nov. 24, 2004) (statement of Sen. Tom Harkin)); *see also* MTD Response, pp 9-15. KPS contends that "due process hearings routinely limit the period of redress to two-calendar years from the date the due process hearing request is filed." *See* MTD, pp 8-9; *see also* Reply pp 4-5.

In this case, Donquarion's arguments have more merit. Congressional authority supports Donquarion's position, especially regarding the ongoing issue of KPS's failure to provide comprehensive educational evaluations. In reauthorizing the IDEA and amending its substance to add statute of limitations, the Senate Report described how "Section 615(f)(3)(D) creates a new two year timeline for requesting a hearing on claims for . . . ongoing compensatory education services":

> This new provision is not intended to alter the principle under IDEA that children may receive compensatory education services, as affirmed in *School Comm. of Burlington v. Department of Education of Massachusetts*, 471 U.S. 359 (1985)
> . . . . [T]he statute of limitations will bar consideration of claims where: (1) the allegation relates to conduct or services that are more than two years prior to the commencement of due process on the basis of that conduct or those services . . . and (2) during that two year period, either (a) the services are not alleged to have been at cost or inappropriate, or (b) the conduct is not alleged to have been

3

appropriate. In essence, where the issue giving rise to the claim *is more than two years old and not ongoing*, the claim is barred; *where the conduct or services at issue are ongoing to the previous two years*, the claim for compensatory education services may be made on the basis of the most recent conduct or services *and the conduct or services that were more than two years old at the time of due process* . . . .

S Rep 108-185, 40 (emphasis added).

Taking into consideration the Decision's affirmation of comprehensive educational evaluations as an ongoing issue, it follows that those claims ought to be allowed and evidence ought to be entered on KPS's violations on that issue going back to 2012. Donquarion has made a "claim for compensatory education services . . . on the basis of the most recent conduct," which is KPS's conduct in the past two years, and his claim also has been made for "the conduct or services that were more than two years old at the time of due process," here, KPS's failures to provide comprehensive educational evaluations going back to 2012.

KPS's position relies on *Holden v Miller-Smith*, 28 F Supp 3d 729 (WD Mich 2014), a distinguishable decision concerning equitable tolling. In *Holden*, Judge Neff rightfully ruled against a parent's attorney who had knowingly brought IDEA claims that were not ongoing in nature in an administrative forum well past the two-year statute of limitations. *Id.*, at 738-40. The attorney argued for equitable tolling, which was denied. The quoted language of Judge Neff's theorizing on the general utility of statutes of limitations, *id.*, at 734, included in KPS's MTD at page 10, is clearly contextual *dicta*, as it was unnecessary to the resolution of the specific matter under review. Further, *Holden* has no applicability here, where the Tribunal's Decision affirms that Donquarion's claims are both ongoing and timely brought.

More on point is *AR v Sturgis Pub Schs* and ALJ Kandra Robbin's *Order Regarding Respondents Motions to Dismiss*, Dkt No.: 18-000201; Case No.: 18-00004, 7 (Mar 6, 2018) Exhibit B to the MTD Response. In *AR*, the complainant, as here, discovered the basis of his due

4

process complaint through an independent educational evaluation (IEE). As affirmed by the Decision here, the KPS could not have withheld information on the comprehensive educational evaluations that were, according to Donquarion's allegations, never completed. Further, Donquarion could not have known himself that the evaluations that KPS performed were not comprehensive. In *AR*, ALJ Robbins set the date from which the statute of limitations was to run from the date of his IEE. Here, Donquarion argues that his "knew-or-should-have-known" date of discovery is based on the comprehensive educational evaluation completed by Dr. Owens, which uncovered new information that would have been available to KPS, had KPS performed comprehensive education evaluations initially as IDEA requires. In *AR*, ALJ Robbins relied on "the reasoning in *Avila v Pokane School District 81*, 852 F. 3d 936 (9th Cir. 2017)" to rule that AR could seek relief for FAPE deprivations that occurred further back than two years because "he filed his complaint within two years of discovering the alleged violation." This Tribunal should likewise rule for Donquarion in reconsidering or clarifying the Decision to affirm a scope of evidence in the coming hearing that will allow evidence to be presented going back to 2012.

## CONCLUSION

THEREFORE, for the foregoing reasons, this Tribunal should reconsider its Decision to dismiss Donquarion's claims prior to October 22, 2019, as the primary allegation is an ongoing violation and such dismissal prevents the submission of evidence necessary to a sufficient remedy to redress KPS's ongoing FAPE violations, or in the alternative, this Tribunal should clarify that evidence going back to 2012 will be allowed at the upcoming hearing.

                                                Respectfully submitted,

Dated: January 3, 2022

                                                Erin H. Diaz (P80388)
                                                Mitchell D. Sickon (P82407)

PLAINTIFFS 00004654

CONFIDENTIAL

CONFIDENTIAL

DISABILITY RIGHTS MICHIGAN
4095 Legacy Parkway
Lansing, MI 48911-4263
(517) 487-1755
ediaz@drmich.org
msickon@drmich.org

Elizabeth K. Abdnour (P78203)
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw Street, Suite 4A-2
Lansing, MI 48915
(517) 292-0067 phone
(517) 709-7700 fax
elizabeth@abdnour.com

Jacquelyn Babinski (P83575)
MI AECRES
(231) 794-2379
jbabinski@miaecres.org
www.miaecres.org

*Attorneys for Petitioner*

PLAINTIFFS 00004655

CONFIDENTIAL