# EXHIBIT 86



MDE Office of Special Education

# Guidance

**Guidance**

# Determining the Need For and Amount of Compensatory Education

**Michigan Department of Education Office of Special Education**
**March 2020**

## Determining the Need for Compensatory Education

The ordering of compensatory education occurs if, at the conclusion of a state complaint, the Michigan Department of Education Office of Special Education (MDE OSE) determines that a district failed to provide a Free Appropriate Public Education (FAPE) and as a result, the student, who is the subject of the complaint, suffered a loss of educational benefit.

Common indicators that a denial of a FAPE occurred could include, but are not limited to:

1. A delay in the district's child find obligation, which resulted in missed special education services.
2. A student's individualized education program (IEP) was not implemented as written.
3. A student did not have access to the IEP provisions and/or general education curriculum for a period of time, due to:
   a. Disciplinary removals
   b. Errors in manifestation determination findings
   c. Child find violations
   d. Lack of provision of accommodations, modifications, and supports indicated in the IEP

A denial of FAPE does not automatically result in the ordering of compensatory education.



MDE_00001332

## Determining the Amount of Compensatory Education

There is no formula for determining the amount of compensatory education that will be ordered for a student who was denied a FAPE.

Once the MDE determines, through the complaint process, that there was a denial of FAPE, which had a direct and negative impact on the student's progress, compensatory education is ordered. The amount of compensatory education to be ordered must be considered on an individual basis and is determined by a team of MDE OSE staff.

Based on a 9th Circuit Court decision cited in a Michigan due process case, the MDE bears in mind:

> Compensatory education is meant to "place children in the position they would have been in but for the violation of the Act." Draper v. Atlanta Indep. School Sys., 480 F.Supp.2d 1331 (N.D. Ga. 2007), aff'd 518 F.3d 1275 (11th Cir. 2008) (cited in B.H. ex rel. B.B. v. West Clermont Bd. of Educ., 788 F. Supp. 2d 682, (S.D. Ohio, 2011)).

A determination of compensatory hours is based on a review of the facts and conclusions identified in the complaint and includes the MDE OSE staff paying particular attention to:

1. The actual amount of service hours missed and the level of specialized instruction that would have been provided.
    a. Was the missed service provided on a one-to-one basis?
    b. Was instruction in a small group setting? Large group setting?
    c. Was the student removed from school, as an example, for 45 days without disciplinary protections/FAPE services?
2. What is the student's capacity to receive compensatory education hours?
    a. Consider the age of the student, the severity of the disability, the cognitive and/or attentional ability, the physical/mental stamina to receive additional instruction outside of the school day, and other mitigating factors.
3. Was there a negative impact on the student's progress, and if so, to what extent?
    a. Did the student make progress on annual IEP goals?
    b. Did the student make progress in the general curriculum?

None of the examples above are part of a formula. Decisions are individualized.

