UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONQUARION LEWIS; KE'AUJANAA
SHEPHERD-FRIDAY; and K.B., by and through
her parent and next friend H.B.,

     Plaintiffs,

v

MICHIGAN DEPARTMENT OF
EDUCATION,

     Defendant.

_____

Case No. 22-cv-00838-RJJ PJG

Hon. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

**DEFENDANT'S REPLY BRIEF
IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT**

Erin H. Diaz (P80388)
Mitchell D. Sickon (P82407)
Disability Rights Michigan
Attorneys for Plaintiffs
4095 Legacy Parkway
Lansing, MI 48911
(517) 487-1755
ediaz@drmich.org
msickon@drmich.org

Jennifer B. Salvatore (P66640)
David L. Fegley (P85275)
Salvatore Prescott Porter & Porter
Attorneys for Plaintiffs
105 E. Main Street
Northville, MI 48167
(248) 679-8711
salvatore@sppplaw.com
fegley@sppplaw.com

Elizabeth K. Abdnour (P78203)
Abdnour Weiker LLP
Attorney for Plaintiffs
325 E. Grand River Ave., Suite 250
Lansing, MI 48823
(517) 994-1776
liz@education-rights.com

Jacquelyn N. Kmetz (P83575)
MI AECRES
Attorney for Plaintiffs
P.O. Box 705
Ludington, MI 49431
(231) 794-2379
jkmetz@miaecres.org

Katherine A. Halloran (P76453)
Neil A. Giovanatti (P82305)
Ticara D. Hendley (P81166)
Attorneys for Defendant
Michigan Department of
Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
hallorank1@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

/s/ *Kathleen A. Halloran*
Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Ticara D. Hendley (P81166)
Attorneys for Defendant
Michigan Department of
Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
hallorank1@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

Dated:  May 15, 2025

# TABLE OF CONTENTS

Page

Table of Contents.................................................................................................i

Index of Authorities...........................................................................................ii

Introduction ......................................................................................................1

Argument ...........................................................................................................1

I.      Plaintiffs' IDEA claims are moot and should be dismissed.............................1

II.     Plaintiffs cannot establish an IDEA claim........................................................4

        A.      Plaintiffs cannot establish that MDE's actions in any way led to
                a denial of FAPE..............................................................................4

        B.      The IDEA does not provide for a cause of action based on alleged
                technical violations of the IDEA that do not seek to remedy a
                denial of FAPE..................................................................................8

III.    Plaintiffs cannot establish an ADA or § 504 claim..........................................9

IV.     Plaintiffs' ADA claims are barred by the Eleventh Amendment.....................14

V.      Plaintiffs are not entitled to the requested relief. ..........................................16

Conclusion and Relief Requested ..................................................................20

# INDEX OF AUTHORITIES

Page

**Cases**

*A.B. by and through K.B. v. Michigan Department of Education,*
570 F. Supp. 3d 531, (W.D. Mich. 2021) ...................................................... 3, 4, 13

*Babcock v. Michigan,*
812 F.3d 531 (6th Cir. 2016) ...................................................................... 14

*Barnes v. Gorman,*
536 U.S. 181 (2002) .................................................................................. 17

*Bd. of Educ. v. L.M.,*
478 F.3d 307 (6th Cir. 2007) ...................................................................... 3

*Bd. of Sch. Comm'rs of Indianapolis v. Jacobs,*
420 U.S. 128 (1975) .................................................................................. 18

*Bradley v. Jefferson Cnty. Pub. Sch.,*
88 F.4th 1190 (6th Cir. 2023)................................................................ 5, 9, 11

*Campbell v. Bd. of Educ. of the Centerline Sch. Dist.,*
58 F. App'x 162 (6th Cir. 2003)................................................................. 13

*Chafin v. Chafin,*
568 U.S. 165 (2013) .................................................................................. 2

*Cole v. Oroville Union High Sch.*
*Dist.*, 228 F.3d 1092 (9th Cir. 2000) ......................................................... 18

*Cummings v. Premier Rehab Keller,*
*P.L.L.C.*, 142 U.S. 1562 (2022) ................................................................. 17

*D.R. v. Michigan Department of Education,*
No. 16-13694, 2017 U.S. Dist. LEXIS 222030 (E.D. Mich. Sept. 29, 2017) .. 15, 16

*Denise H. v. Texas Educ. Agency,*
No. 20-cv-816-DAE, 2023 U.S. Dist. LEXIS 74677, at *10 (W.D. Tex.
March 23, 2023).......................................................................................... 3

*Denise H. v. Texas Education Agency,*
No. 23-50287, 2024 U.S. App. LEXIS 5786 (5th Cir. Mar. 24, 2024)............. 1, 17

*Honig v. Doe,*
    484 U.S. 305 (1988) ................................................................. 18, 19

*Humphrey v. U.S. Attorney Gen.'s Office,*
    279 F. App'x. 328 (6th Cir.2008) ......................................... 13

*Knox Cnty. v. M.Q.,*
    62 F.4th 978 (6th Cir. 2023) ........................................ passim

*Long v. Dawson Springs Indep. Sch. Dist.,*
    197 F. App'x 427 (6th Cir. 2006) ......................................... 16

*Mingus v. Butler,*
    591 F.3d 474 (6th Cir. 2010) ............................................. 15

*Moreno v. Consolidated Rail Corp.,*
    99 F.3d 782 (6th Cir. 1996) (en banc) ............................... 17

*Moseley v. Bd. of Educ. of Albuquerque Pub. Schs,*
    483 F.3d 689 (10th Cir. 2007) ........................................... 18

*MX Group Inc. v. City of Case*
    *Covington,* 293 F.3d 326 (6th Cir. 2002 ............................. 10

*Popovich v. Cuyahoga County Court of Common Pleas,*
    276 F.3d 808 (2002) (en banc) ..................................... 15, 16

*Sharpe v. Cureton,*
    319 F.3d 259 (6th Cir. 2003) ............................................. 19

*Smith v. Kalamzoo Pub. Sch.,*
    703 F. Supp. 3d 822 (W.D. Mich. 2023 ............................. 17

*Sullivan v. Benningfield,* 920
    F.3d 401 (6th Cir. 2019) ................................................. 2, 3

*United States v. Georgia,*
    546 U.S. 151 (2006) ............................................... 14, 15, 16

*W.H. v. Tenn. Dep't of Educ.,*
    No. 3:15-1014, 2016 U.S. Dist. LEXIS 7206 (M.D. Tenn. Jan. 20, 2016) ....... 15, 16

*William A. v. Clarksville-Montgomery Cty. Sch. Sys.,*
    127 F.4th 656 (6th Cir. 2025) ........................................... 18

*Willowbrook v. Olech,*
    528 U.S. 562 (2000) ....................................................... 15

**Statutes**

20 U.S.C. § 1415(b)(6)(A) ............................................................................... 5

20 U.S.C. § 1415(f)(C) .................................................................................... 7

20 U.S.C. § 1415(i) ..................................................................................... 4, 5

MCL 388.1606(m) ........................................................................................ 18

**Rules**

Federal Rule of Civil Procedure 56 ............................................................... 20

**Regulations**

34 C.F.R. § 300.153 ........................................................................................ 7

## INTRODUCTION

Plaintiffs' response brief is replete with wish lists of improvements for the local school districts, Kalamazoo Public Schools (KPS) and Comstock Public Schools (CPS).  But those wish lists fail to impose liability on the Michigan Department of Education (MDE) for Plaintiffs' alleged failures of those local districts.  There is no genuine issue of material fact in this case and the disputes are issues of law for this Court to decide.

Plaintiffs' claims under the IDEA, § 504 of the Rehabilitation Act (§ 504), and the Americans with Disabilities Act (ADA) should be dismissed.  The IDEA claims are moot and, even if this Court finds they are not, Plaintiffs cannot establish a claim under the IDEA.  Likewise, Plaintiffs' § 504 and ADA claims fail due to a lack of evidence demonstrating discrimination by MDE, and the ADA claim is also barred by Eleventh Amendment immunity.  Finally, Plaintiffs' requested relief is simply not available as a matter of law.  Thus, MDE should be awarded summary judgment.

## ARGUMENT

## I.    Plaintiffs' IDEA claims are moot and should be dismissed.

As asserted in MDE's motion for summary judgment (ECF No. 80, PageID.427–431), Plaintiffs' IDEA claims are moot because Plaintiffs already received relief for their IDEA claims from settlements with the local districts resulting from their Due Process cases.  See *Denise H. v. Texas Education Agency*, No. 23-50287, 2024 U.S. App. LEXIS 5786 (5th Cir. Mar. 24, 2024) (ECF No. 80-62, PageID.1084–1086).

Plaintiffs' IDEA claims here are centrally based on the purported deprivation of FAPE.  (See Am. Compl., ECF No. 10, ¶¶ 204, 209–218, PageID.95–96.) Plaintiffs' due process cases were also based on the purported deprivation of FAPE. (ECF No. 80-15, PageID.571-594; ECF No. 80-35, PageID.753–787; ECF No. 80-55, PageID.951–981.)  In Plaintiff Lewis' settlement he received 1,080 hours of compensatory education, evaluations, and $100,000 in damages and attorney fees. (ECF No. 81-3, PageID.1111–1112.)  Plaintiff Shepherd-Friday settled her case for a $5,000 education bank, summer programing, assessments, $4,400 in evaluation reimbursements, and $4,000 in attorney fees.  (ECF No. 81-1, PageID.1097–1098.) Plaintiff K.B. received a $6,000 education bank, evaluations and assessments, and $30,000 in damages in her settlement agreement.  (ECF No. 81-2, PageID.1103–1104.)  Furthermore, MDE ordered that the local districts provide compensatory education for Plaintiffs Shepherd-Friday and K.B.  (ECF No. 80-33, PageID.748; ECF No. 80-43, PageID.850; ECF No. 80-37, PageID.803–805.)

In their response, Plaintiffs fail to argue that the necessary "case or controversy" exists after Plaintiffs received the above noted relief.  Plaintiffs cannot get around the fact that there is no longer any meaningful relief for this Court to award since the relief requested in the Amended Complaint has already been awarded to Plaintiffs.  ECF No. 10, PageID.99–100; see also *Chafin v. Chafin*, 568 U.S. 165, 171 (2013), *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019). Plaintiffs allege no "deficiency in the compensatory education that they were provided . . . pursuant to the settlement[s]."  *See Denise H. v. Texas Educ. Agency*,

No. 20-cv-816-DAE, 2023 U.S. Dist. LEXIS 74677, at *10 (W.D. Tex. March 23, 2023) (ECF No. 80-62, PageID.1090).  Nor do Plaintiffs complain about the compensatory education relief MDE directed that the local districts provide to the Plaintiffs during the State Complaint process.  In addition, Plaintiffs do not request any other education relief requested in the Amended Complaint that was not provided in the settlements.  *See id.*; *Bd. of Educ. v. L.M.*, 478 F.3d 307, 316 (6th Cir. 2007) (An award of compensatory education is the relief designed for an IDEA claim.)  Therefore, just as the Fifth Circuit ruled in the nearly identical fact pattern in *Denise H.*, this court should also find that Plaintiffs' IDEA claims are moot because no case or controversy exists.

Plaintiffs proffer only two reasons why the case is not moot – both reasons fail.  First, Plaintiffs allege they have a private right of action to challenge MDE's failures to provide a FAPE.  However, "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit," the claim for relief is moot if the dispute "is no longer embedded in any actual controversy about the Plaintiffs' particular legal rights." *Sullivan,* 920 F.3d at 410.  Plaintiffs' argument fails because, even though they allege MDE's conduct violated the IDEA, there is no longer any controversy because the relief Plaintiffs seek has been granted – any relief granted here would not make a difference to the interest of the parties.

Plaintiffs also incorrectly rely on *A.B. by and through K.B. v. Michigan Department of Education*, 570 F. Supp. 3d 531, 533-34 (W.D. Mich. 2021) to argue

that the case is not moot.  *A.B.* is factually distinguishable because MDE issued a State Complaint decision against itself finding MDE violated the IDEA.  That is not the fact pattern in this case; MDE had no knowledge of any IDEA violation, nor did MDE acknowledge that any of its actions led to a denial of FAPE.  *A.B.* is simply not applicable to this case.

Thus, Plaintiffs' IDEA claim is moot and must be dismissed.

## II.    Plaintiffs cannot establish an IDEA claim.

Even if this Court finds that Plaintiffs' IDEA claims are not moot, Plaintiffs fail to establish that MDE violated the IDEA.  First, Plaintiffs have not shown that MDE's actions led to a denial of Plaintiffs' FAPE.  Second, Plaintiffs concede the IDEA does not provide for a cause of action based on alleged technical violations of the IDEA that do not seek to remedy a denial of FAPE.

### A.    Plaintiffs cannot establish that MDE's actions in any way led to a denial of FAPE.

Plaintiffs provide a lengthy recitation of facts (ECF No. 86, PageID.1807–1833), but provide no analysis as to how any of the alleged facts equate to MDE's alleged violation of the IDEA for these named Plaintiffs.  Instead, Plaintiffs merely provide a list of conclusory statements and grievances of what they would have liked the local school districts to have done.  A wish list for the local district's actions is not enough to establish an IDEA claim against MDE.  As argued in MDE's motion for summary judgment, the IDEA provides only one express cause of action in 20 U.S.C. § 1415(i).  This provision provides that a party "aggrieved" by the administrative decision in a due process complaint "shall have the right to bring

a civil action with respect to the complaint." 20 U.S.C. § 1415(i). The "complaint" must be based on an alleged violation of "any matter related to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE]." 20 U.S.C. § 1415(b)(6)(A). Plaintiffs fail to establish any issue of material fact that demonstrates MDE violated the IDEA by failing to provide Plaintiffs with the provision of FAPE. Instead, Plaintiffs' response brief attempts to improperly impose strict or vicarious liability onto MDE for alleged actions by KPS and CPS – both causes of action that are not provided for under the IDEA. States must only comply with clearly written terms in the IDEA, not uncertain or ambiguous ones. *Bradley v. Jefferson Cty. Pub. Sch.*, 88 F.4th 1190, 1195 (6th Cir. 2023). Plaintiffs cannot support a claim under the IDEA because (1) MDE properly exercised its general supervisory role through a robust oversight system with multiple review mechanisms; and (2) MDE properly addressed all issues specific to Plaintiffs.

First, Plaintiffs lack evidence that MDE failed to meet its statutory obligations under the IDEA. As argued in MDE's motion for summary judgement, MDE monitors the provision of special education through data, on-site monitoring, technical assistance, reporting, implementation of state-wide policy, and by providing procedural safeguards for students and parents. (ECF No. 80, PageID.432.) These procedural safeguards include offering due process hearings and a state complaint system that provides for corrective action plans (CAP) when a violation is found. (ECF No. 80, PageID.433–435; ECF No. 80-2, PageID.476–477.) Plaintiffs argue that there is a genuine issue of material fact in dispute regarding

MDE's supervision because (1) MDE hired a consultant in 2016 to assist in improving the state dispute resolution system; and (2) Plaintiffs' proposed expert states that MDE violated Child Find provisions.  (ECF. No. 86, PageID.1843–1846.) Both arguments fail.  MDE's voluntary hiring of Pingora Consulting to improve MDE's complaint system only demonstrates that MDE took a proactive approach to its responsibility under the IDEA to ensure a well-functioning state complaint process for students and their caregivers.  (ECF No. 80-2, ¶ 24, PageID.478.)  The evidence does not provide that Pingora Consulting found that MDE was violating the IDEA, let alone violated FAPE for any Plaintiff in this case.  (ECF No. 86-12, PageID.1936–1955.)  Furthermore, Plaintiffs reliance on their proposed expert to argue there is a genuine issue of material fact fails.  Plaintiffs' expert makes conclusory statements without pointing to how MDE violated Child Find provisions – instead the report points to potential failures of the local districts.  The Plaintiffs' expert also presents a wish list of actions and does not point to any action that actually violates the IDEA.

Plaintiff Lewis' IDEA claim clearly fails as there is no evidence he was denied a FAPE.  First, Plaintiff Lewis's claims are not related to Child Find.  (ECF. No. 80-14, PageID.560–569; ECF No. 80-16, PageID.596–637.)  Second, neither the State Complaint, nor the ALJ's Due Process Decision found that Plaintiff Lewis was denied a FAPE.  (ECF. No. 80-14, PageID.569; ECF No. 80-16, PageID.635.)  Third, Plaintiff Lewis graduated high school and declined additional services that were offered to him.  (ECF No. 80-16, PageID.634; ECF No. 80-9, PageID.532 at 63:10–

13, 64:21–23.)  Plaintiff Lewis alleges that MDE should have considered more of his educational background when investigating his state complaint.  But state complaints must "allege a violation that occurred not more than one year prior to the date that the complaint is received."  34 C.F.R. § 300.153.  And the IDEA's plain language precludes the Plaintiffs from seeking any relief for purported violations occurring "more than 2 years before the date the parent  . . . knew or should have known about the alleged action that forms the basis of the complaint[.]"  20 U.S.C. § 1415(f)(C).  Plaintiff Lewis presents his wish list of things he would have liked KPS to have done better, but there are no allegations or evidence that MDE—unlike KPS—violated the IDEA.  Thus, Plaintiff Lewis' IDEA claim fails.

Plaintiff Shepherd-Friday's IDEA claim also fails.  The only argument regarding MDE's alleged violation of the IDEA as to Plaintiff Shepherd-Friday is that MDE declined to issue student level corrective action to KPS when she already transferred to CPS.  (ECF No. 86, PageID.1838–1839.)  However, the evidence shows MDE accepted Plaintiff Shepherd-Friday's state complaint, investigated that complaint, found KPS in violation of its Child Find obligation, issued district-level CAPs, and followed up on the implementation of those CAPs.  (ECF No. 80-19, PageID.646–655; ECF No. 80-31, PageID.726–728.)  Plaintiff Shepherd-Friday provides no authority under the IDEA for why MDE should have issued a student level correction action to KPS when Plaintiff Shepherd-Friday was not enrolled in that district.  Like Plaintiff Lewis, Plaintiff Shepherd-Friday also presents a wish

list of actions that KPS should have taken but does not allege or provide evidence that MDE violated the IDEA.

Plaintiff K.B.'s IDEA claim also fails.  Plaintiff K.B. alleges that MDE violated the IDEA when it did not follow-up on the CAPs issued as the result of her state complaints.  (ECF No. 86, PageID.1836.)  However, the evidence does show that MDE followed up on the CAPs.  (ECF No. 80-48, PageID.883–885.)  MDE also verified that KPS completed the student-level directives, in that KPS attempted to complete the required evaluations.  (ECF No. 80-61, PageID.1079–1082; ECF No. 80-45, PageID.864, 872, 873; ECF No. 80-54, PageID.948–949.)  Notably, MDE had authority to order KPS to evaluate K.B. for special education services, but did not have the authority to order that a student be deemed eligible for an IEP.  (See ECF No. 80-2, ¶ 36, PageID.481–482.)  While Plaintiff K.B. may have wished for additional follow-up action by MDE, the evidence shows that MDE did, in fact, follow-up on the completion of the CAPs and Plaintiff points to no legal authority that MDE's follow-up actions were inadequate.  Again, Plaintiff K.B.'s allegations amount to a wish list of improvements and not an actual violation of the IDEA.

**B.    The IDEA does not provide for a cause of action based on alleged technical violations of the IDEA that do not seek to remedy a denial of FAPE.**

Plaintiffs point to the ADA and § 504 to assert that they have a private right of action under the IDEA but never identify any part of the IDEA that provides an express or implied cause of action that is unrelated to the alleged denial of FAPE. (ECF No. 86, PageID.1851–1852.)  Thus, Plaintiffs concede the argument.  Since Plaintiffs cannot demonstrate any private action for technical violations, any of

8

Plaintiffs' claims that MDE failed to provide training of ALJs (ECF No. 10, ¶ 208, PageID.95), qualified staff and training for staff (ECF No. 10, ¶¶ 209, 212, PageID.95–96), adequate funding (ECF No. 10, ¶ 210, PageID.95–96), and technical assistance (ECF No. 10, ¶ 211, PageID.96) fails.[1]

Thus, Plaintiffs' IDEA claims should be dismissed.

### III.  Plaintiffs cannot establish an ADA or § 504 claim.

Contrary to Plaintiffs' contentions, they did not allege facts or provide any evidence that demonstrates MDE violated the ADA or § 504.  Plaintiffs' response makes clear that their ADA and § 504 claims are based on a denial of FAPE (ECF No. 86, PageID.1834–1842, 1852–1855)—which is plainly insufficient to establish an ADA or § 504 claim.  *Bradley v. Jefferson Cnty. Pub. Sch.*, 88 F.4th 1190, 1198 (6th Cir. 2023).

Plaintiffs attempt, for the first time, to raise a reasonable accommodation claim under the ADA or § 504.  (ECF No. 86, PageID.1852–1855.)  In a failure-to-accommodate claim, "the plaintiff must show that the defendant reasonably could have accommodated [their] disability but refused to do so" and that this failure to accommodate "imped[ed] [their] ability to participate in, or benefit from, the subject program." *Knox Cnty. v. M.Q.*, 62 F.4th 978, 1000 (6th Cir. 2023).  "The plaintiff must establish both that [their] preferred accommodation was reasonable, and that the accommodation provided to [them] was unreasonable." *Id.*  Plaintiffs cannot

---

[1] Plaintiffs explicitly concede they have no right to injunctive relief for any claims regarding the training of ALJ and adequate funding.  (ECF No. 86, PageID.1859, n 7.)

meet any of these requirements to demonstrate a failure-to-accommodate claim for several reasons.

First, the Amended Complaint clearly lacks any allegations to establish a reasonable accommodation claim – only "intentional discrimination" is alleged. (ECF No. 10, ¶¶ 225, 232, PageID.97–98.)  No where in the Amended Complaint are the words "reasonable accommodation" used.

Second, there is no evidence that any of the three Plaintiffs ever requested reasonable accommodations from MDE.  Plaintiffs incorrectly argue they do not have to make an explicit request by relying on *MX Group Inc. v. City of Case Covington*, 293 F.3d 326, 344 (6th Cir. 2002).  However, the Sixth Circuit found that Plaintiffs in that case did request a reasonable accommodation, and, even if they had not, it would have been futile because the ordinance Plaintiffs were challenging was discriminatory on its face.  *Id*. at 344-345.  Here, the facts are distinguishable because Plaintiffs never requested reasonable accommodations from MDE and the IDEA, ADA, or § 504 are not discriminatory on its face making Plaintiffs' cited case inapplicable.

Third, Plaintiffs do not identify a reasonable accommodation that they sought from MDE *and* why any accommodation provided to them was unreasonable.  *See Knox Cnty.*, 62 F.4th at 1000.  From what can be deciphered from Plaintiffs' response brief, Plaintiffs allege they were denied a reasonable accommodation because MDE did not take affirmative steps to ensure KPS complied with IDEA requirements, including Child Find obligations which created barriers that denied

Plaintiffs a FAPE.  (ECF No. 86, PageID.1853.)  Even if this Court considers Plaintiffs' state complaints as requests for accommodation, the evidence demonstrates that MDE proactively offered due process hearings to the Plaintiffs when requested, assessed school districts' compliance with IDEA requirements, including Child Find obligations (e.g. ECF No. 80-57, PageID.991–992 at 128:11–129:1; ECF No. 80-2, ¶¶ 8–12, PageID.474–476), and investigated each of the state complaints levied at KPS and CPS (e.g. ECF No. 80-14, PageID.560–569; ECF No. 80-19, PageID.646–655; ECF No. 80-33, PageID.735–749; ECF No. 80-37, PageID.790–806; ECF No. 80-43, PageID.835–851; ECF No. 80-2, ¶¶ 30–33, PageID.480.)  Even if the outcome of the hearings and investigations were not Plaintiffs' desired results, the accommodation does not have to be the "best accommodation" or even the "preferred" accommodation.  *Knox Cnty.*, 62 F.4th at 1001.  Here, the steps MDE took to address Plaintiffs' complaints show proactive and reasonable measures.  Thus, Plaintiffs cannot meet the requirements for proving a reasonable accommodation case. If Plaintiffs' accommodation request is related to Child Find, that is an issue regarding the provision of FAPE and that cannot give rise to an ADA or § 504 claim.  *Bradley*, 88 F.4th at 1198.

The fourth reason why Plaintiffs' reasonable accommodation theory fails is because Plaintiffs lack evidence to establish that MDE acted with a discriminatory motive.  Plaintiffs argue that they do not have to show discriminatory intent, but their only source for that argument is a law review article – there is no citation to the relevant statutes or any applicable case law.  (ECF No. 86, PageID.1849.)  As

noted in MDE's motion for summary judgment (ECF No. 80, PageID.451–455), the Sixth Circuit recently clarified that intentionality remains an element of a discrimination claim – whether it is an intentional discrimination claim or a failure to accommodate claim. *See Knox Cnty.*, 62 F.4th at 1000. For the same reasons noted in the preceding paragraph, Plaintiffs cannot demonstrate any form of discriminatory animus. The evidence only shows MDE acted to ensure KPS and CPS met their obligations under the IDEA for Plaintiffs. In addition, Plaintiffs cannot show they were treated any differently than other students, nor is there evidence that MDE took some greater action to assist non-disabled students.

Plaintiffs repeatedly point to MDE's 2016 commissioning of Pingora Consulting, who was hired to improve the functioning of the state dispute resolution system, as somehow dipositive proof of a failing system. (ECF No. 86, PageID.1835, 1843.) But that action demonstrates the opposite. MDE's decision to retain Pingora was voluntary – there was no court order or threat of litigation that motivated hiring an independent third party to assist MDE in improving its system. (ECF No. 80-2, ¶ 24, PageID.478.) MDE has continued to work with Pingora since 2016 to improve its system – again, all voluntary. (ECF No. 80-2, ¶¶ 26–27, PageID.478–479.) MDE's proactive efforts to improve its system to help students with disabilities cannot reasonably be construed as evidence of discrimination.

Lastly, Plaintiffs cannot demonstrate MDE acted with "bad faith or gross misjudgment." In some instances, the "bad faith or gross misjudgment" requirement is framed as an additional requirement when the plaintiff proceeds on

a "reasonable accommodation" ADA or § 504 theory.  *See, e.g.*, *Campbell v. Bd. of Educ. of the Centerline Sch. Dist.*, 58 F. App'x 162, 168 (6th Cir. 2003).  The Sixth Circuit in *Knox*, found it did not need to reach the issue of "bad faith or gross misjudgment" because Plaintiffs' claims under ADA and § 504 failed as they could not show any form of discrimination.  *Knox Cnty.*, 62 F.4th at 1000.  This Court also does not need to address it here since, like in *Knox*, Plaintiffs cannot demonstrate discriminatory animus.  But even if this Court does analyze that requirement, MDE did not act in bad faith or gross misjudgment.  There are no allegations that MDE ignored Plaintiffs' complaints, failed to provide a hearing, or treated non-disabled students differently.  Plaintiffs rely on the holding of *A.B.*, 570 F. Supp 3d at 539, for the proposition that MDE showed bad faith or gross misjudgment because MDE was also the Defendant in that case.  But as noted above in Section I, *A.B.* is distinguishable because in that case MDE found itself in violation of the state complaint process during an investigation, which are not the facts here.  (*Id.* at 538–39.)

Also of note, Plaintiffs do not make any argument that they have made a claim under an intentional discrimination theory.  Therefore, MDE relies on its motion for summary judgment as to why there is no genuine issue of material fact as to an intentional discrimination theory under the ADA or § 504.  (ECF No. 80, PageID.451–455.)  Plaintiffs waive any argument regarding the same.  *See Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x. 328, 331 (6th Cir.2008) ("If a

party fails to respond to an argument raised in a motion the court can assume that opposition to the motion is waived and the motion may be granted.")

For all these reasons, the ADA and § 504 claims must fail.

## IV.    Plaintiffs' ADA claims are barred by the Eleventh Amendment.

Plaintiffs make a conclusory statement that MDE has waived its right to assert Eleventh Amendment immunity (ECF No. 86, PageID.1861), but Plaintiffs provide no authority or analysis to support that unfounded statement.  Plaintiffs also incorrectly argue that it is not necessary that this Court analyze the required three-prong *United States v. Georgia,* 546 U.S. 151, 159 (2006), test to determine if immunity is abrogated for the ADA claim.  (ECF No. 86, PageID.1862.)  Again, that assertion is without authority or analysis – an examination of the *Georgia* test is required in all cases when assessing if Eleventh Amendment immunity was abrogated in Title II claims.  *Georgia,* 546 U.S. at159, *see also Babcock v. Michigan*, 812 F.3d 531, 534 (6th Cir. 2016).  What Plaintiffs' response brief does make clear is that Plaintiffs cannot meet any part of the required three-prong *Georgia* test to overcome MDE's Eleventh Amendment immunity from Plaintiffs' ADA claim.

First, Plaintiffs fail to identify or provide evidence for which aspects of MDE's alleged misconduct violate Title II of the ADA.  As discussed in MDE's motion for summary judgment (ECF No. 80, PageID.455–458) and above in Section III, Plaintiffs have failed to establish an ADA claim.  Without an ADA claim, abrogation is not permitted.  *Babcock*, 812 F.3d at 539.

As to the second prong of the *Georgia* test, Plaintiffs conceded that their Amended Complaint does not expressly plead a Fourteenth Amendment violation.

(ECF No. 86, PageID.1861.)  And they do not argue that the Amended Complaint implicitly contains factual allegations that support a Fourteenth Amendment violation.  (See *id*.)  The pleadings and evidence simply do not support an equal protection claim as they do not allege any disparate treatment caused by any MDE action, discriminatory intent, or MDE conduct that is unsupported by a rational basis.  *See Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Even if Plaintiffs had pled a Title II claim (they have not), Plaintiffs fail the third prong of the *Georgia* test because MDE's alleged actions are not part of a class of conduct that abrogates Eleventh Amendment immunity as their claim sounds in equal protection principles.  Claims that sound in equal protection principles cannot abrogate immunity consistent with the Sixth Circuit's en banc decision in *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808 (2002) (en banc).  Plaintiffs' only attempt to address *Popovich* is to inaccurately state that *Popovich* has been overturned by *Mingus v. Butler*, 591 F.3d 474 (6th Cir. 2010).  Plaintiffs cite to a section summarizing the district court's error in *Mingus*, not a holding of the Sixth Circuit.

Plaintiffs also rely on *D.R. v. Michigan Department of Education*, No. 16-13694, 2017 U.S. Dist. LEXIS 222030 (E.D. Mich. Sept. 29, 2017) and *W.H. v. Tenn. Dep't of Educ.*, No. 3:15-1014, 2016 U.S. Dist. LEXIS 7206 (M.D. Tenn. Jan. 20, 2016), which both found that Eleventh Amendment immunity was abrogated for Title II claims involving public education.  However, neither case is binding here, and both decisions are not supported by binding Sixth Circuit case law.  In both

15

cases, the courts merely concluded that out-of-circuit caselaw, which conclude that Eleventh Amendment immunity is abrogated in the context of *higher* public education.  *Id*.  Those out-of-circuit precedents are inapplicable because the universities were direct providers of services (unlike MDE here) and the IDEA is Congress's remedy to historical discrimination in K-12 education, unlike in higher education, where the ADA and § 504 remedy that historical discrimination.  Moreover, the broad holdings in *D.R.* and *W.H.* that any Title II case involving public education abrogates Eleventh Amendment immunity ignores the Supreme Court's clear direction to assess each Title II claim on a claim-by-claim basis.  *Georgia*, 546 U.S. at 159.  And Plaintiffs admit that a claim-by-claim analysis is necessary.  (ECF No. 86, PageID.1861.)  Both courts also erred because they did not take *Popovich* into account.  276 F.3d 808.  There is no support that immunity is abrogated for all claims that arise in a broad subject matter such as public education.

Thus, Eleventh Amendment immunity is not abrogated and the ADA claim must be dismissed.

## V.    Plaintiffs are not entitled to the requested relief.

Plaintiffs fail to argue that they are entitled to their requested relief.  First, Plaintiffs do not dispute that no money damages are available to Plaintiffs under the IDEA.  *Long v. Dawson Springs Indep. Sch. Dist.*, 197 F. App'x 427, 432 (6th Cir. 2006).  Plaintiffs make a conclusory statement that since they retained a vocational and economics expert, Plaintiffs are entitled to compensatory damages.  (ECF No. 86, PageID.1855.)  This argument makes little sense; Plaintiffs' decision

to hire an expert has no relevance to whether they are legally entitled to compensatory damages for their IDEA claims.

Second, Plaintiffs also do not dispute that punitive and emotional distress damages are not available to Plaintiffs for ADA and § 504 claims as a matter of law. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 U.S. 1562, 1568, 1574 (2022); *Barnes v. Gorman*, 536 U.S. 181, 189 (2002); *Moreno v. Consolidated Rail Corp.*, 99 F.3d 782 (6th Cir. 1996) (en banc); *Smith v. Kalamzoo Pub. Sch.*, 703 F. Supp. 3d 822, 829 (W.D. Mich. 2023.  Instead, Plaintiffs cite to a law review article to assert that Plaintiffs need not establish intent for either liability or damages under a reasonable accommodation theory under the ADA or § 504.  (ECF No. 86, PageID.1856.)  However, whether Plaintiffs have established an ADA or § 504 claim (they have not) is different than the relief they requested.  Thus, Plaintiffs are not entitled to emotional distress or punitive damages under the ADA or §504.

Third, Plaintiffs are not entitled to declaratory or injunctive relief.  As argued in MDE's summary judgment motion (ECF No. 80, PageID.459–461) and above in Section I, Plaintiffs are not entitled to equitable relief because the Plaintiffs' settlements with the LEAs render the Plaintiffs' requests for relief moot as they resolved their alleged FAPE denials.  *See Denise H.*, 2024 U.S. App. LEXIS 5786, at *4.  In addition, Plaintiffs are also not entitled to equitable relief because the Plaintiffs have all matriculated out of school.  Plaintiff Lewis has no response to any of the caselaw that clearly states that equitable relief is not available to students who graduate.  *See e.g. Bd. of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128,

17

129–30 (1975), *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000), *Moseley v. Bd. of Educ. of Albuquerque Pub. Schs*, 483 F.3d 689, 692–93 (10th Cir. 2007).  Plaintiff Lewis relies on *William A. v. Clarksville-Montgomery Cty. Sch. Sys.*, 127 F.4th 656 (6th Cir. 2025) to say that he is entitled to equitable relief because the plaintiff in that case received compensatory hours of education after graduation.  Compensatory relief is different than the request for declaratory and injunctive relief here.  Plaintiff Lewis also argues that he is entitled to injunctive relief because his age makes him eligible for education services.  However, re-enrollment in Michigan public schools is limited if the student has a high school diploma.  MCL 388.1606(m).

Plaintiffs Shepherd-Friday and K.B. are also not entitled to equitable relief because they have not been enrolled in public school for almost three years. Plaintiff Shepherd-Friday has not been enrolled in school since June 2022 and Plaintiff K.B. has not been enrolled since September 2023.  (ECF No. 80-24, PageID.681 at 41:10-17; ECF No. 80-42, PageID.830–831 at 24:23–25:1.)  Plaintiffs Shepherd-Friday and K.B. incorrectly rely on *Honig v. Doe*, 484 U.S. 305 (1988) for the proposition that they are entitled to equitable relief.  However, the facts of that case are distinguishable as it addresses a student's placement after an indefinite suspension from school, it does not address students who have dropped out and have not taken any action to re-enroll.[2]  *Id.* at 316-17.  The injunctive relief in that

---

[2] The *Honig* Court also held that one of the Plaintiffs aged out of education services and was not entitled to equitable relief.  484 U.S. 318.

case was also narrowly tailored – a specific change in the state law to comply with the federal law, which is unlike the relief Plaintiffs Shepherd-Friday and K.B. request here. *Id.*

Lastly, Plaintiffs' requests for state-wide relief and systemic changes fail. Plaintiffs argue they are entitled to state-wide relief because Plaintiffs Shepherd-Friday and K.B. may decide to re-enroll in any school district in the state. (ECF No. 86, PageID.1858–1859.)  However, that belies precedent that equitable relief should not be more burdensome to MDE than what is necessary to provide relief to the Plaintiffs. *See Sharpe v. Cureton*, 319 F.3d 259, 273 (6th Cir. 2003).  Plaintiffs fail to demonstrate how the individual circumstances of Plaintiffs Shepherd-Friday and K.B. support system-wide changes.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above and in Defendant's Motion for Summary Judgment, Defendant requests that this Court issue an order granting Defendant summary judgment under Federal Rule of Civil Procedure 56, dismissing all claims with prejudice.

Respectfully submitted,

/s/ *Kathleen A. Halloran*
Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Ticara D. Hendley (P81166)
Attorneys for Defendant
Michigan Department of
Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
hallorank1@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

Dated:  May 15, 2025

## CERTIFICATE OF COMPLIANCE

In compliance with Local Rule 7.2(b)(ii), Defendant certifies that this reply brief complies with Local Rule 7.2(c)—as modified by the Court's Stipulated Order (ECF No. 90, PageID.2473) permitted up to 5,000 words—as this reply brief includes **4995** words. Microsoft Word Office 365 is the word processing software used to generate the word count in the above reply brief.

/s/ *Kathleen A. Halloran*
Kathleen A. Halloran (P76453)
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2025, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which will provide

electronic copies to counsel of record.

/s/ *Kathleen A. Halloran*
Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Ticara D. Hendley (P81166)
Attorneys for Defendant
Michigan Department of
Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603