UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONQUARION LEWIS; KE'AUJANAA SHEPHERD-FRIDAY; and K.B., by and through her parent and next friend H.B.,

Plaintiffs,

v

MICHIGAN DEPARTMENT OF EDUCATION,

Defendant.

Case No. 22-cv-00838-RJJ PJG

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

**DEFENDANT'S SUPPLEMENTAL BRIEF TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Erin H. Diaz (P80388)
Disability Rights Michigan
Attorney for Plaintiffs
4095 Legacy Parkway
Lansing, MI 48911
(517) 487-1755
ediaz@drmich.org

Jacquelyn N. Kmetz (P83575)
MI AECRES
Attorney for Plaintiffs
P.O. Box 705
Ludington, MI 49431
(231) 794-2379
jkmetz@miaecres.org

Jennifer B. Salvatore (P66640)
David L. Fegley (P85275)
Salvatore Prescott Porter & Porter
Attorneys for Plaintiffs
105 E. Main Street
Northville, MI 48167
(248) 679-8711
salvatore@sppplaw.com
fegley@sppplaw.com

Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Ticara D. Hendley (P81166)
Attorneys for Defendant
Michigan Department of Attorney General
Health, Education & Family Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
hallorank1@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

Elizabeth K. Abdnour (P78203)
Abdnour Weiker LLP
Attorney for Plaintiffs
325 E. Grand River Ave., Suite 250
Lansing, MI 48823
(517) 994-1776
liz@education-rights.com

**DEFENDANT'S SUPPLEMENTAL BRIEF TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

/s/ *Kathleen A. Halloran*
Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Ticara D. Hendley (P81166)
Attorneys for Defendant
Michigan Department of
Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
hallorank@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

Dated:  June 6, 2025

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ........ i

INDEX OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENT ........ 2

I. Plaintiffs' ADA and § 504 claims fail. ........ 2

II. Plaintiffs' Title II claims are barred by Eleventh Amendment immunity. ........ 4

III. Plaintiffs' IDEA claims fail and are moot. ........ 4

CONCLUSION AND RELIEF REQUESTED ........ 6

## INDEX OF AUTHORITIES

Page

### Cases

*Knox Cnty. v. M.Q.*,
62 F.4th 978 (6th Cir. 2023) .......... 2

*United States v. Georgia*,
546 U.S. 151 (2006) .......... 4

*Y.A. v. Hamtramck Pub. Schs.*,
Sixth Circuit Court of Appeals, Dkt. No. 24-1855 (May 22, 2025) .......... passim

### Statutes

20 U.S.C. § 1412(a)(11) .......... 4

20 U.S.C. § 1415(a) .......... 4

## INTRODUCTION

On May 22, 2025, the Sixth Circuit Court of Appeals issued an opinion addressing nearly identical claims raised by Plaintiffs in the instant matter. *See Y.A. v. Hamtramck Pub. Schs.*, Dkt. No. 24-1855 (May 22, 2025) (attached hereto as Exhibit A and referred to herein as *Hamtramck*). In the opinion, the Sixth Circuit held that Eleventh Amendment immunity barred claims under Title II of the Americans with Disabilities Act (ADA) against the Michigan Department of Education (MDE) because MDE—as the state education agency, not the local education agency—was not responsible for providing services to the students, the necessary predicate to establish a Title II claim. *Id.* at 8-9. The Sixth Circuit extended this reasoning to claims asserted against MDE under the Individuals with Disabilities Education Act (IDEA)—again, making clear that the local school district, not MDE, held the obligation to provide the special education services. *Id.* at 12.

On May 23, 2025, this Court issued an order requesting supplemental briefing on Defendant's pending motion for summary judgment (ECF No. 78) addressing *Hamtramck*. (See ECF No. 98, PageID.2506.) The Court aptly noted the holdings of *Hamtramck* that provided dismissal of claims against MDE "would seem to call for dismissal here too." (*Id.*) MDE agrees. *Hamtramck* provides further support to many of the arguments asserted in MDE's summary judgment briefing (ECF No. 80, PageID.396-464; ECF No. 92, PageID.2478-2505) and is dispositive of Plaintiffs' claims.

## ARGUMENT

### I. Plaintiffs' ADA and § 504 claims fail.

As addressed in MDE's summary judgment briefing, Plaintiffs' Title II and § 504 claims should be dismissed for multiple reasons. *Hamtramck* confirms dismissal is appropriate.

In *Hamtramck*, the Sixth Circuit addressed that, "[t]o be liable [under Title II and § 504[1]], an entity must have denied someone access to one of its 'services, programs, or activities' or otherwise have 'subjected' someone 'to discrimination.'" *Hamtramck*, slip op. 8. Thus, "[t]he relevant action . . . must be taken 'by [the] entity' in question." *Id.* The provision of special education services is not a "service, program, or activity of the State—it is program provided by local school districts." *Id.* Accordingly, because MDE does not provide special education services, MDE cannot be held liable for a district's failure to provide such services to its students. *Id.* at 8-9. As the Sixth Circuit clearly states: "[t]he parents may have a Title II claim against Hamtramck Public Schools, the 'public entity' that provided the 'services' and 'activities' at issue. But they do not have a claim against the State." *Id*. at 9 (citing 42 U.S.C. § 12132). Thus, as in *Hamtramck*, MDE is simply not the

[1] Although *Hamtramck* addressed Title II claims, the opinion specifically notes that "Title II mirrors the Rehabilitation Act" on the crucial issue of which entity can be liable for a failure to provide special education services. *See Hamtramck*, slip op. at 8. Moreover, "[c]laims brought under the ADA and § 504 generally are evaluated together." *Knox Cnty. v. M.Q.*, 62 F.4th 978, 1000 (6th Cir. 2023) (internal quotations omitted). Thus, *Hamtramck*'s holdings regarding Title II are equally applicable to Plaintiffs' § 504 claims.

appropriate defendant for Plaintiffs' Title II and § 504 claims and the claims should accordingly be dismissed.

The Sixth Circuit also addressed many of the same arguments raised by Plaintiffs here. For example, the Sixth Circuit rejected the students' argument that because MDE partially funds and supervises the local school district, MDE was liable under Title II for the local district's alleged failings regarding the provision of special education services. *Id*. at 9-10. Plaintiffs here make the same allegations—that MDE has liability for the faults of the local school districts, Kalamazoo Public Schools (KPS) and Comstock Public Schools (CPS). But the holding of *Hamtramck* is clear; MDE cannot be held liable under Title II for supervisor liability as alleged by Plaintiffs here.

Moreover, the Sixth Circuit also addressed the discrimination that is required to sustain a Title II claims (and by extension § 504 claims) finding that, even if MDE's resolution of state complaints constituted a service under Title II, the plaintiffs had not alleged they were "excluded from" the service or subject to discrimination because of their disabilities where MDE took action to address the students' state complaints. *Id.* at 13. As summarized by the Sixth Circuit:

> As the parents' complaint acknowledges, two of them turned to the State for help—and got it. The State afforded them a hearing, promptly adjudicated their claims, and ruled in their favor. It ordered the school district not only to compensate the children with one-on-one educational services, but also to fix the problems identified by the parents and provide evidence of timely compliance.

*Id.* (internal quotations omitted.) The undisputed facts in the instant case are strikingly similar. MDE investigated Plaintiffs' state complaints, issued decisions

including decisions finding the districts had not provided two of the plaintiffs a free appropriate public education (FAPE), and issued corrective action plans to the districts. (ECF No. 80-19, PageID.645-655; ECF No. 80-37, PageID.780-807; ECF No. 80-2, PageID.472-482, ¶¶ 30–33.) Thus, like in *Hamtramck*, Plaintiffs cannot establish discrimination and their Title II and § 504 claims must accordingly fail.

**II. Plaintiffs' Title II claims are barred by Eleventh Amendment immunity.**

Although abrogation of Eleventh Amendment immunity must be evaluated on a "claim-by-claim" basis, *United States v. Georgia*, 546 U.S. 151, 159 (2006), just as in *Hamtramck*, Eleventh Amendment immunity is not abrogated here because Plaintiffs' Title II claim is without merit and thus does not proceed beyond the first prong on the *Georgia* test. *See Hamtramck,* slip op at pp 7-8 (citing *Georgia*, 546 at 154). Eleventh Amendment immunity thus bars Plaintiffs' Title II claims.

**III. Plaintiffs' IDEA claims fail and are moot.**

Although *Hamtramck* does not directly address the IDEA claims at issue in that case, the Sixth Circuit provides helpful guidance regarding the scope of liability a state education agency may face under the IDEA. *Id.* at 12. In *Hamtramck*, the parents claimed that MDE was ultimately responsible for local school district's actions, cited to the IDEA's requirements that MDE has "general supervision" responsibilities over local education agencies and that MDE must provide and maintain procedures through which parents may seek a remedy if schools fail to provide their student with FAPE. *Id.* (citing 20 U.S.C. § 1412(a)(11), § 1415(a)). But the Sixth Circuit rejected that argument because, though MDE has

general supervision requirements under the IDEA, the local education agencies were still controlled by the local governments and the oversight provisions of the IDEA alone do "not transform a local school into a state school." *Id.* The reasoning in *Hamtramck* for rejecting supervisory liability under the IDEA applies equally here since Plaintiffs rely on the same theories to support their IDEA claims. (See e.g., Am Complaint, ¶¶ 216-219, PageID.96.)

As argued in MDE's motion for summary judgment, MDE has a limited role in providing special education services—the local education agency is the entity charged with actually providing the special education to students. (Motion, ECF No. 80, PageID.444-451; Reply, ECF No. 92, PageID.2487-2492.) Plaintiffs fail to establish any issue of material fact that demonstrates MDE—as opposed to the school districts—violated the IDEA by failing to provide Plaintiffs with the provision of FAPE. Instead, Plaintiffs' Amended Complaint and briefing attempts to improperly impose supervisory liability onto MDE for alleged failures of KPS and CPS—a theory clearly barred by the reasoning in *Hamtramck*.

In addition, the reasoning of *Hamtramck* also furthers MDE's argument that Plaintiffs' IDEA claims are moot. As addressed, *Hamtramck* makes clear that school districts hold obligations under the IDEA separate from state education agencies. Here, Plaintiffs focus their claims on the purported denial of FAPE—an obligation of the school districts. Each of the Plaintiffs entered into settlement agreements with KPS or CPS for their alleged FAPE violations. Having resolved their FAPE claims against the local districts, they cannot now seek additional relief

from MDE for the same purported FAPE denials that they have already been compensated. (Motion ECF No. 80, PageID.427-431.)

**CONCLUSION AND RELIEF REQUESTED**

For the reasons set forth above, and in Defendant's Brief in Support of Motion for Summary Judgment and Reply Brief, MDE requests that this Court issue an order granting it summary judgment under Federal Rule of Civil Procedure 56, dismissing all claims with prejudice, and granting MDE such further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ *Kathleen A. Halloran*
Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Ticara D. Hendley (P81166)
Attorneys for Defendant
Michigan Department of
Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603

Dated: June 6, 2025