STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



P.O. Box 30758
Lansing, Michigan 48909

**DANA NESSEL**
ATTORNEY GENERAL

June 17, 2025

Clerk of the Court
399 Federal Bldg.
110 Michigan St., NW
Grand Rapids, MI 49503

      Re:    *Donquarion Lewis, et al., v Michigan Department of Education*
            Case No: 22-cv-00838-RJJ-PJG

Dear Clerk of the Court:

      Enclosed for filing in the above referenced matter is a corrected version of yesterday's filing of Defendant's Response Supplemental Brief in Support of Motion for Summary Judgment (EFC No. 98). The correction is on the Table of Contents page i. Everything else in the document remains the same.

      Should you have any question, please do not hesitate to contact me.

      Sincerely,

      /s/ *Kathleen A. Halloran*
      Kathleen A. Halloran
      Assistant Attorney General
      Health, Education & Family
      Services Division
      Phone: (517) 335-7603

KAH/mlm
Enc.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONQUARION LEWIS; KE'AUJANAA SHEPHERD-FRIDAY; and K.B., by and through her parent and next friend H.B.,

    Plaintiffs,

v

MICHIGAN DEPARTMENT OF EDUCATION,

    Defendant.

Case No. 22-cv-00838-RJJ PJG

HON. ROBERT J. JONKER

MAG. PHILLIP J. GREEN

**DEFENDANT'S RESPONSE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Erin H. Diaz (P80388)
Disability Rights Michigan
Attorney for Plaintiffs
4095 Legacy Parkway
Lansing, MI 48911
(517) 487-1755
ediaz@drmich.org

Jennifer B. Salvatore (P66640)
David L. Fegley (P85275)
Salvatore Prescott Porter & Porter
Attorneys for Plaintiffs
105 E. Main Street
Northville, MI 48167
(248) 679-8711
salvatore@sppplaw.com
fegley@sppplaw.com

Jacquelyn N. Kmetz (P83575)
MI AECRES
Attorney for Plaintiffs
P.O. Box 705
Ludington, MI 49431
(231) 794-2379
jkmetz@miaecres.org

Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Ticara D. Hendley (P81166)
Attorneys for Defendant
Michigan Department of Attorney General
Health, Education & Family Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
hallorank1@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

Elizabeth K. Abdnour (P78203)
Abdnour Weiker LLP
Attorney for Plaintiffs
325 E. Grand River Ave., Suite 250
Lansing, MI 48823
(517) 994-1776
liz@education-rights.com

**DEFENDANT'S RESPONSE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Ticara D. Hendley (P81166)
Attorneys for Defendant
Michigan Department of
Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
hallorank@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

Dated:  June 17, 2025

## TABLE OF CONTENTS

Page

Table of Contents ................................................................................................... i

Index of Authorities ............................................................................................... ii

Introduction ........................................................................................................... 1

Argument ............................................................................................................... 1

I.      Plaintiffs' Title II ADA and §504 claims fail. ........................................... 1

II.     Plaintiffs' Title II claims are barred by Eleventh Amendment immunity. .................................................................................................. 3

III.    Plaintiffs' IDEA claims fail and are moot. ............................................... 4

Conclusion and Relief Requested ......................................................................... 7

# INDEX OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 1

*Mingus v. Butler*
  591 F.3d 474 (6th Cir. 2010) ................................................................................... 3

*Popovich v. Cuyahoga County Court of Common Pleas*
  276 F.3d 808 (2002) (en banc) ................................................................................ 3

*S.P. v. Knox Cty. Bd. of Educ.*,
  329 F. Supp. 3d 584 (E.D. Tenn. 2018) ................................................................... 5

*S.P. v. Knox Cty. Bd. of Educ.*,
  unpublished opinion of the Eastern District of Tennessee, Case No. 3:17-
  cv-100 (Mar. 26, 2021) ............................................................................................ 5

*United States v. Georgia*
  546 U.S. 151 (2006) ............................................................................................ 3, 4

*Y.A. v. Hamtramck Pub. Schs.*,
  Dkt. No. 24-1855 (May 22, 2025) .................................................................. passim

**Statutes**

20 U.S.C. § 1413(g)(1)(B) ............................................................................................. 4

20 U.S.C. § 1415(b)(6)(a) .............................................................................................. 4

# INTRODUCTION

Plaintiffs double down on their allegations that since the Michigan Department of Education (MDE) supervises the local school districts, Kalamazoo Public Schools (KPS) and Comstock Public Schools (CPS), MDE is liable under Title II of the Americans with Disabilities Act (ADA), §504 of the Rehabilitation Act (§ 504), and the Individuals with Disabilities Education Act (IDEA).  But *Y.A. v. Hamtramck Pub. Schs.*, Dkt. No. 24-1855 (May 22, 2025) (referred to herein as *Hamtramck*) established that it is the local school districts, and not MDE, that has the obligation to provide the education services directly to students – making clear that MDE cannot be liable for the district's alleged failures.  *Hamtramck*, slip op. 8-9, 12.  Plaintiffs fail to distinguish *Hamtramck* from this case and thus, is dispositive of Plaintiffs' claims.

# ARGUMENT

## I.   Plaintiffs' Title II ADA and §504 claims fail.

*Hamtramck* held that the ADA claims (and by extension § 504 claims) against the state fail because the provision of special education services are not a "service, program, or activity" of the state, but rather a program that is provided by the local school district.  *Hamtramck*, slip op. 8.  Plaintiffs argue that *Hamtramck* does not apply because Plaintiffs make a conclusory statement in their Amended Complaint that they were excluded from the "[s]tate's services, programs, and activities".  But a conclusory statement is insufficient to establish a claim.  See *id.* at 13 citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

Plaintiffs make arguments that MDE is liable for discrimination because MDE supervises the local school districts or because MDE has an alleged knowledge of a system wide problem providing FAPE to students. (See Plaintiffs' Supp Br, ECF No. 97, PageID.2554, 2560.) But the Sixth Circuit specifically rejected these arguments and held that MDE cannot be held liable under Title II for supervisor liability. *Hamtramck*, slip op. at 9-10.

Plaintiffs also argue that their discrimination claims are distinguishable because MDE's state complaint system is a "service, program, or activity of the state." (Plaintiffs' Supp Br, ECF No. 97, PageID.2553.) But, as noted in MDE's Supplemental Brief, the Sixth Circuit also considered this same argument made by Plaintiffs here – and rejected it. (Defendant's Supp Br, ECF No. 96, PageID.2519); *Hamtramck*, slip op. at 13. Even if the state complaint system is considered a service of the state, the Plaintiffs here, exactly like the Plaintiffs in *Hamtramck*, have not alleged or provided any evidence that they were "excluded from" the service or subject to discrimination because of their disabilities where MDE took action to address the students' state complaints. *Hamtramck*, slip op. at 13. Just as the students in *Hamtramck* who turned for the state for help – and got it, so too did the Plaintiffs here turn to the state to ask for help – and got it. MDE investigated Plaintiffs' state complaints, issued decisions including decisions finding the districts had not provided a free appropriate public education (FAPE), issued corrective action plans to the districts, and then followed up on the corrective action. (See e.g. ECF No. 80-2, PageID.472-482, ¶¶ 30–33; ECF No. 80-19, PageID.645-655;

2

ECF No. 80-31, PageID.726-728; ECF No.80-34, PageID.751; ECF No. 80-37, PageID.780-807; ECF No. 80-48, PageID.883-885.) Specifically, MDE sided with Plaintiffs Shepherd-Friday and K.B. *Id.* Although, MDE did not find in Plaintiff Lewis' favor regarding his state complaint, the evidence shows that MDE did a thorough investigation and issued a detailed decision. (ECF No. 80-14, PageID.560-569.) Thus, like in *Hamtramck*, Plaintiffs cannot establish discrimination and their Title II and § 504 claims must accordingly fail.

## II. Plaintiffs' Title II claims are barred by Eleventh Amendment immunity.

In their supplemental brief, Plaintiffs only addresses the first prong of the test to determine if immunity is abrogated pursuant to *United States v. Georgia*, 546 U.S. 151, 159 (2006). (Plaintiffs' Supp Br, ECF No. 97, PageID.2553.) It remains clear that *Hamtramck* applies to this case and MDE is immune to the Title II claims.[1] (See supra Section I.) Just as in *Hamtramck*, Eleventh Amendment immunity is not abrogated here because Plaintiffs' Title II claim is without merit and thus does not proceed beyond the first prong on the *Georgia* test. *See*

---

[1] As to prong two of *Georgia*, Plaintiffs conceded they did not plead a Fourteenth Amendment violation. (Plaintiff's Response Br, ECF No. 86, PageID.1861.) As to prong three, Plaintiffs have never disputed that MDE's alleged actions are not part of a class of conduct that abrogates Eleventh Amendment immunity because their claims sound in equal protection principles. Plaintiffs only attempt to address the third prong of *Georgia* is to incorrectly argue that *Popovich* has been overturned by *Mingus v. Butler*, 591 F.3d 474 (6th Cir. 2010). See *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808 (2002) (en banc); (Defendant's Reply Br, ECF No. 92, PageID.2498).

*Hamtramck,* slip op. at pp 7-8 (citing *Georgia,* 546 at 154). Eleventh Amendment immunity thus bars Plaintiffs' Title II claims.

### III.  Plaintiffs' IDEA claims fail and are moot.

The reasoning of *Hamtramck* rejects Plaintiffs' arguments that MDE has liability for KPS and CPS's failures under the IDEA. Plaintiffs argue that "[t]he state MUST ensure that its special education services are in compliance with the IDEA." (ECF No. 97, PageID.2555) and cites to the IDEA's general supervision provision to support the assertion that MDE is responsible for the activities of the local districts. But *Hamtramck* specifically rejected this argument because local school districts were still controlled by the local governments and the oversight provisions of the IDEA alone do "not transform a local school into a state school." *Hamtramck,* slip op. at 12.

Plaintiffs allege that MDE is not just a supervisor of the system, but is required under 20 U.S.C. § 1413(g)(1)(B) to provide direct services. But that provision of the IDEA is inapplicable here for several reasons. First, the provision is about how MDE can use federal funds. Second, the decision to provide direct services is in MDE's discretion – not the Plaintiffs. Third, both KPS and CPS are able to establish and maintain programs of FAPE – they are not in receivership, emergency management, or at risk of being closed. Fourth, there is no private right of action under the IDEA to enforce this technical provision of the IDEA. See 20 U.S.C. § 1415(b)(6)(a); (Defendant's Motion, ECF No. 80, PageID.444-447). Thus, Plaintiffs' IDEA claims remain rooted in supervisory liability for the failures of KPS and CPS – a theory barred by the reasoning in *Hamtramck*.

Plaintiffs argue that MDE is a proper defendant in cases that involve a systemic failure to comply with the IDEA. But this case is not a case about systemic failures–it is about three individual Plaintiffs and the educational services they received from local districts KPS and CPS. The cases Plaintiffs rely on are not binding and none of the decisions are supported by the binding case law in *Hamtramck*.[2]

Even if this Court deems that the IDEA does impose some supervisory liability for the provision of FAPE onto MDE for these particular Plaintiffs (it should not given *Hamtramck's* reasoning), the evidence does not support a finding that any violation of the IDEA occurred. Plaintiffs emphasize that MDE failed to monitor compliance with its corrective action plans – but the evidence shows the opposite. (See e.g. ECF No. 80-19, PageID.646–655; ECF No. 80-31, PageID.726–728; ECF No. 80-48, PageID.883–885; ECF No. 80-61, PageID.1079–1082; ECF No. 80-45, PageID.864, 872, 873; ECF No. 80-54, PageID.948–949.) Plaintiffs provide a wish-list for what they would have liked MDE or the local districts to have done better but allege no violation of the IDEA. Thus, Plaintiffs fail to state a claim under the IDEA.

As stated in MDE's Supplemental Brief, the reasoning of *Hamtramck* also furthers MDE's argument that Plaintiffs' IDEA claims are moot. (Defendant's Supp

---

[2] Plaintiffs rely on *S.P. v. Knox Cty. Bd. of Educ.*, 329 F. Supp. 3d 584, 594 (E.D. Tenn. 2018) but that decision was overturned by *S.P. v. Knox Cty. Bd. of Educ.*, unpublished opinion of the Eastern District of Tennessee, Case No. 3:17-cv-100, at *24 (Mar. 26, 2021) which dismissed the IDEA claims because none of claims had a cause of action under the IDEA.

5

Br, ECF No. 96, PageID.2521-2522.)  Plaintiffs continue to argue that MDE is jointly responsible for the actions of KPS and CPS (Plaintiffs' Supp Br, ECF No. 97, PageID.2558) further solidifying that since the Plaintiffs have all received settlements from the local district for their alleged denial of FAPE, they cannot now seek additional relief from MDE for the same purported FAPE denials that they have already been compensated.  (Motion, ECF No. 80, PageID.427-431.)

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, and in Defendant's Brief in Support of Motion for Summary Judgment, Reply Brief, and Supplemental Brief, MDE requests that this Court issue an order granting it summary judgment under Federal Rule of Civil Procedure 56, dismissing all claims with prejudice, and granting MDE such further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ *Kathleen A. Halloran*
Kathleen A. Halloran (P76453)
Neil Giovanatti (P82305)
Ticara D. Hendley (P81166)
Attorneys for Defendant
Michigan Department of
Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
hallorank1@michigan.gov
giovanattin@michigan.gov
hendleyt1@michigan.gov

Dated:  June 17, 2025